# United States Court of Appeals
# for the Federal Circuit

———————————

**SFA SYSTEMS, LLC,**
*Plaintiff-Appellee*

v.

**NEWEGG INC.,**
*Defendant-Appellant*

———————————

2014-1712

———————————

Appeal from the United States District Court for the Eastern District of Texas in Nos. 6:09-cv-00340-LED, 6:11-cv-00399-LED, Chief Judge Leonard Davis.

———————————

Decided: July 10, 2015

———————————

JOHN J. EDMONDS, Collins, Edmonds, Pogorzelski, Schlather & Tower PLLC, Houston, TX, argued for plaintiff-appellee. Also represented by ELIZABETH A. WILEY, The Wiley Firm PC, Austin, TX; ANDREW W. SPANGLER, Spangler Law PC, Longview, TX.

MARK A. LEMLEY, Durie Tangri LLP, San Francisco, CA, argued for defendant-appellant. Also represented by KENT E. BALDAUF, JR., DANIEL H. BREAN, The Webb Law Firm, Pittsburgh, PA; RICHARD GREGORY FRENKEL, Latham & Watkins LLP, Menlo Park, CA; EDWARD R.

REINES, Weil, Gotshal & Manges LLP, Redwood Shores, CA.

_____

Before O'MALLEY, CLEVENGER, and HUGHES, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

SFA Systems, Inc. ("SFA") brought this patent infringement action against multiple accused infringers, including Newegg, Inc. ("Newegg"), in the United States District Court for the Eastern District of Texas. After the district court issued its claim construction order, but before the parties exchanged expert reports, SFA voluntarily dismissed the suit with prejudice under Federal Rule of Civil Procedure 41(a), and covenanted not to sue Newegg for infringement of the patents at issue. Newegg then moved for attorneys' fees under 35 U.S.C. § 285 (2012). Because we find that the district court did not abuse its discretion in denying Newegg's § 285 motion, we *affirm.*

## I. BACKGROUND

### A. The Patents

There are two related patents at issue in this appeal, U.S. Patent Nos. 6,067,525 ("the '525 patent") and 7,941,341 ("the '341 patent"). Both patents relate to a computer sales system that includes a plurality of subsystems or components, where each of the components corresponds to a different phase of the sales process. The patents disclose "an event manager" that integrates all of the different sales process components. The event manager detects the occurrence of "events" and automatically implements operations based on those events. For example, the event manager allows data from one component to be shared with all of the other components in the sales

system so that when data is entered in one component, it will also be available in all of the other components.

## B. Procedural History

On July 28, 2009, SFA filed this patent infringement suit in the United States District Court for the Eastern District of Texas against multiple online retailers, including Newegg, alleging infringement of the '525 patent. A little over two years later, after some parties settled with SFA and were dropped from the suit, SFA filed a separate suit against the remaining accused infringers, this time asserting the '341 patent, which had issued on May 10, 2011. On October 21, 2011, after all of the other accused infringers settled, Newegg and SFA jointly agreed to consolidate the two lawsuits.

Prior to the consolidation of the two suits, the district court held a *Markman* hearing regarding the disputed terms of the '525 patent. The magistrate judge issued a *Markman* order on August 8, 2011, rejecting Newegg's proposed constructions that limited the asserted claims to systems that assist a salesperson, or are used by a salesperson. The district court adopted the magistrate judge's constructions.

After the district court granted the parties' joint motion to consolidate the two lawsuits, the court held a second *Markman* hearing regarding the disputed terms of the '341 patent. Newegg also moved for summary judgment that the claims at issue in both patents were invalid as indefinite. In that motion, Newegg argued that the system claims contained method step limitations, making it unclear when infringement occurs. While awaiting the district court's decisions on claim construction for the '341 patent and definiteness of the patents, the parties filed a joint motion for an extension of the case schedule, arguing that the scheduled trial date conflicted with the scheduled trial date in another case in which SFA had asserted the same patents against a different defendant. *See SFA*

*Sys., LLC v. Amazon.com, Inc.*, No. 6:11-cv-52-LED (E.D. Tex. Nov. 11, 2011), ECF No. 243. The district court denied the motion for an extension as premature, urging counsel to refile the request closer to trial.

On April 11, 2013, the district court issued its *Markman* order on the terms in the '341 patent, again siding with SFA that the claimed system did not require involvement of a salesperson. In that same order, the district court also denied Newegg's motion for summary judgment that the claims at issue were indefinite. The next day, on April 12, 2013, SFA moved to dismiss the case against Newegg with prejudice under Federal Rule of Civil Procedure 41(a), and covenanted not to sue Newegg on the patents at issue. Newegg filed motions to recover its costs and fees following the dismissal of the case.

After briefing was completed, but before the district court acted on Newegg's motions for costs and fees, the Supreme Court decided *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). The parties did not request leave to file additional briefing and the district court decided that none was required. On July 8, 2014, the district court found that Newegg was the prevailing party and granted Newegg's bill of costs. That same day, the district court also denied Newegg's § 285 motion for attorneys' fees. The district court cited the Supreme Court's standard in *Octane Fitness*, finding that, "[e]ven under the new, lower standard for an exceptional case designation, Newegg has provided no evidence that this case 'stands out from others with respect to the substantive strength of [SFA's] litigating position.'" *SFA Sys., LLC v. 1-800-Flowers.com, Inc.*, No. 6:09-cv-340, slip op. at 4 (E.D. Tex. July 8, 2014), ECF No. 473 ("*Section 285 Order*") (quoting *Octane Fitness*, 134 S. Ct. at 1756). The district court rejected Newegg's assertions that it would have prevailed on the merits, pointing out that the court had already rejected Newegg's attempts to limit the scope of the patent through claim construction and had

denied Newegg's motion for summary judgment. The district court explained that Newegg's primary complaint was that SFA filed many suits against many defendants, showing a pattern of abusive and vexatious litigation to extract settlements. The district court concluded, however, that "the fact that SFA has filed several lawsuits against numerous defendants is insufficient to render this case exceptional. In many cases, patent infringement is widespread and the patent owner may be forced to revert to widespread litigation against several infringing parties to enforce its intellectual property rights." *Id.*

Newegg timely appealed the district court's denial of its § 285 attorneys' fees motion.[1] We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

Under 35 U.S.C. § 285, a "court in exceptional cases may award reasonable attorney fees to the prevailing party." In *Octane Fitness*, the Supreme Court clarified that:

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

---

[1] Although Newegg also argues the district court's denial of its motion for experts' fees on appeal, it fails to separately argue the merits of its case for experts' fees. As a result, we will not separately address that issue.

*Octane Fitness*, 134 S. Ct. at 1756 (footnote omitted). On appeal, we review the district court's exceptional case determination under § 285 for an abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys.*, 134 S. Ct. 1744, 1747 (2014).

Newegg argues that the district court erred in finding that this case was not exceptional because: (1) the district court's analyses on claim construction and indefiniteness were wrong and, under the correct analyses, SFA's lawsuit is meritless; and (2) SFA maintained and filed this lawsuit in bad faith for the improper purpose of obtaining a nuisance value settlement ("the unreasonable manner in which the case was litigated"). *Octane Fitness*, 134 S. Ct. at 1756. Although, under *Octane Fitness*, we ultimately consider these issues together under the "totality of the circumstances," *id.*, it helps to first parse Newegg's arguments because Newegg argues that we should apply different standards of review to them.

### A. "The substantive strength of a party's litigating position"

Newegg contends that the district court erroneously construed the claims of the patents to not require a salesperson. Newegg asserts that, under the proper claim construction, its online sales website does not infringe because the website sells products without any salespeople, rendering SFA's suit meritless. According to Newegg, moreover, the district court also erred in finding the claims at issue were not indefinite. Because claim construction and indefiniteness are matters of law, Newegg insists that we review the district court's orders on these issues de novo as part of our review of the district court's exceptional case determination under *Highmark*. Newegg argues that a searching merits review is required in this context because, otherwise, "plaintiffs could file frivolous cases in front of judges or courts that typically deny summary judgment or defer deciding summary judgment

motions until the last minute before trial."   Appellant's Br. 29–30.

Newegg latches onto footnote 2 in *Highmark*, where the Supreme Court states that "[t]he abuse-of-discretion standard does not preclude an appellate court's correction of a district court's legal or factual error: 'A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'"   134 S. Ct. at 1748 n.2 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).   This language, however, does not mean that we must evaluate and determine all issues of law decided by the district court de novo as part of our review of the district court's exceptional case determination.

In *Octane Fitness*, the Supreme Court made clear that it is the "substantive *strength* of the party's litigating position" that is relevant to an exceptional case determination, not the *correctness* or eventual success of that position.   *Octane Fitness*, 134 S. Ct. at 1756 (emphasis added).   A party's position on issues of law ultimately need not be correct for them to not "stand[] out," or be found reasonable.   *Id.*; *cf. Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1368 (Fed. Cir. 2012) ("Reasonable minds can differ as to claim construction positions and losing constructions can nevertheless be nonfrivolous.").   Importantly, this means that we need not rule on the *correctness* of the district court's decision on all underlying issues of law in reviewing a district court's exceptional case determination.   We need only determine whether the district court abused its discretion when it found that the party's litigating position was not so meritless as to "stand out" from the norm and, thus, be exceptional. *Octane Fitness*, 134 S. Ct. at 1756.

In this case, we conclude that the district court did not abuse its discretion in finding that SFA's claim construction and indefiniteness positions did not stand out.

Newegg does not contend that the district court used the wrong law, only that its conclusions were flawed. The district court did not clearly err in its assessment that SFA's claim construction position—that the claims at issue did not require a salesperson—was reasonable. *See, e.g.*, '525 patent col. 36 ll. 55–61 (requiring a "sales person" in dependent claims); '341 patent col. 15 ll. 12–14 ("The Kiosk module 302, illustrated in FIG. 3, is utilized at public forums where the salesperson may not necessarily be present."); *id.* fig. 3 (depicting a "kiosk" and "web site" as inputs to the event manager). Nor did the district court clearly err in its assessment that the claims at issue were not indefinite because they were distinguishable from the claims in cases like *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005). *See SFA Sys., LLC v. 1-800-Flowers.com, Inc.*, 940 F. Supp. 2d 433, 455 (E.D. Tex. 2013) ("However, the claims in those cases suffered from a true ambiguity as to whether the claims require building a product or performing a method. In particular, those cases involved apparatus claims incorporating steps where a user acts *upon the system*. Here, the claims involve capabilities *of the system*, as limitations on the 'event manager' and 'subsystem' structural elements."). Where, as here, a party's motion for fees does no more than refer the court back to its previous rulings, the district court has no obligation to reconsider or re-explain its prior rulings. *Section 285 Order* at 4 (characterizing Newegg's arguments regarding the merits of SFA's claims as "bare allegations").

To the extent Newegg argues that the district court erred when it stated that "evidence of the frivolity of the claims must be reasonably clear without requiring a 'mini-trial' on the merits for attorneys' fees purposes," or somehow failed to give consideration to Newegg's claim construction or indefiniteness positions, we reject that argument. *Section 285 Order* at 4–5. The district court considered and rejected Newegg's claim construction

arguments not once, but twice, after a fulsome claim construction process. And, there is nothing in the district court's summary judgment ruling to indicate the court gave Newegg's arguments scant attention or that its denial of summary judgment was predicated on an institutional bias against granting such requests. Newegg does not contend, moreover, that any of the rulings with which it disagrees in this case occurred at "the last minute before trial." Appellant's Br. 29–30; *see SFA Sys., LLC v. 1-800-Flowers.com, Inc.*, No. 6:09-cv-340 (E.D. Tex. Oct. 4, 2013), ECF No. 461, at 12–15.

Accordingly, we find that the district court did not abuse its discretion in concluding that SFA's litigation position was not "one that stands out from others with respect to the substantive strength of [SFA's] litigating position." *Octane Fitness*, 134 S. Ct. at 1756. Again, our holding is based on the district court's evaluation of the strength of SFA's litigating position, not on the correctness of the district court's claim construction and indefiniteness orders. We express no opinion as to whether we ultimately would have affirmed those determinations.

## B. "The unreasonable manner in which the case was litigated"

Newegg asserts that SFA brought this suit for the improper purpose of obtaining a nuisance value settlement. Newegg alleges that SFA dragged out the litigation to increase Newegg's litigation costs and that SFA dismissed the suit as soon as it realized that Newegg was not going to settle. As evidence, Newegg submitted the settlement amounts that SFA received from previous accused infringers, which, according to Newegg, were all substantially below the cost of defending a patent litigation suit and below what SFA could have recovered in damages if it had prevailed in those actions. Newegg proffered no other evidence regarding SFA's motivations.

Prior to *Octane Fitness*, in addition to the test for § 285 fees set out in *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005), we observed that a district court may declare a case exceptional based on unreasonable and vexatious litigation tactics, even where it finds the legal theories advanced not objectively baseless. *See, e.g.*, *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 919 (Fed. Cir. 2012) ("[T]he district court further found that [the patentee] engaged in litigation misconduct. This finding provides a separate and independent basis for the court's decision to award attorney fees."); *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1324 (Fed. Cir. 2011) ("[A]s a general matter, we have observed that many varieties of misconduct can support a district court's exceptional case finding, including lodging frivolous filings and engaging in vexatious or unjustified litigation."). And, although the Supreme Court rejected our *Brooks Furniture* test in *Octane Fitness*, it gave no indication that we should rethink our litigation misconduct line of § 285 cases. Indeed, the Supreme Court sanctioned a district court's discretion to find a case exceptional based on "the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. Accordingly, we conclude that, under *Octane Fitness*, the district court must consider whether the case was litigated in an unreasonable manner as part of its exceptional case determination, and that district courts can turn to our pre-*Octane Fitness* case law for guidance.

For example, in *Eon-Net*, this court affirmed the district court's finding of litigation misconduct based on the patentee's destruction of relevant documents and lodging of incomplete and misleading extrinsic evidence. 653 F.3d at 1324–25. This court also concluded that the record supported the district court's finding that the patentee acted in subjective bad faith "by exploiting the high cost to defend complex litigation to extract a nui-

sance value settlement." *Id.* at 1327. We held that the district court properly considered the patentee's "ability to impose high costs to defend against its meritless claims," and inducement of settlement payments by proposing low settlement offers of "less than ten percent of the cost that [the accused infringer] expended to defend suit." *Id.* at 1327; *see Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1311 (Fed. Cir. 2013) (holding that the district court should consider the "totality of the circumstances" in determining whether the patentee acted in subjective bad faith and should consider whether circumstantial evidence would support an inference of bad faith).

Similarly, in *MarcTec*, we affirmed the district court's finding of litigation misconduct sufficient to support an award of attorneys' fees because the patentee "(1) misrepresented both the law of claim construction and the constructions ultimately adopted by the court; and (2) introduced and relied on expert testimony that failed to meet even minimal standards of reliability, thereby prolonging the litigation and the expenses attendant thereto." 664 F.3d at 920. This court explained that the district court's findings were sufficient to support the conclusion that the patentee engaged in litigation misconduct because it "not only initiated a frivolous lawsuit, it persisted in advancing unfounded arguments that unnecessarily extended this litigation and caused [the accused infringer] to incur needless litigation expenses. This vexatious conduct is, by definition, litigation misconduct, and provides a separate and independent basis supporting the district court's determination that this case is exceptional." *Id.* at 920–21.

In *Monolithic Power Systems, Inc. v. O2 Micro International, Ltd.*, 726 F.3d 1359 (Fed. Cir. 2013), moreover, this court affirmed the district court's award of attorneys' fees based on "an overall vexatious litigation strategy and numerous instances of litigation misconduct." 726 F.3d at 1367. The district court found that, over the course of a

decade of litigation between the two parties, the patentee exhibited a pattern of litigation where it would sue the accused infringer's customers to prompt the accused infringer to file a declaratory judgment action, only to withdraw its claims after substantial litigation had taken place. *Id.* The district court also found that the patentee misrepresented the date of key evidence, and tried to mask its false testimony through motion practice. *Id.*

We agree with Newegg, accordingly, that a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285. And, we agree with Newegg, moreover, that to the extent the district court's opinion in this case can be read to discount the motivations behind a patentee's litigation history, the district court was wrong. The problem with Newegg's request that we reverse the district court's exceptional case determination on these grounds, however, is its failure to make a record supporting its characterization of SFA's improper motivations.

Newegg argued to the district court that SFA engaged in a vexatious litigation strategy based on evidence that: (1) SFA dismissed its claims against Newegg once it was faced with the prospect of a trial in which the merits of its claims would be tested; (2) SFA sued many defendants for infringement of the same patents; and (3) SFA frequently settled with prior defendants for relatively small amounts. *See SFA Sys., LLC v. 1-800-Flowers.com, Inc.*, No. 6:09-cv-340 (E.D. Tex. Oct. 4, 2013), ECF No. 461, at 12. On this record, we cannot say that the district court abused its discretion in finding that Newegg's evidence was insufficient to show that SFA actually litigated this case in an "unreasonable manner." *Octane Fitness*, 134 S. Ct. at 1756. "[B]ecause [the district court] lives with the case over a prolonged period of time," *Highmark*, 134 S.

Ct. at 1748, it is in a better position to determine whether a case is exceptional and it has discretion to evaluate the facts on a case-by-case basis. *Octane Fitness*, 134 S. Ct. at 1756. Although SFA dismissed this suit after the court had ruled in its favor on claim construction and only six months before trial, Newegg presented no evidence that the dismissal was because SFA knew that Newegg was not going to settle. In fact, SFA continued to litigate the same patent in its suit against Amazon.com, Inc. ("Amazon") with no guarantee of obtaining a settlement in that case. And, SFA argues that it dismissed its suit against Newegg soon after the court denied its motion to continue trial so its counsel could focus on its potentially higher value action against Amazon, which was scheduled for trial on the same day. Both of these cases were before the same judge, so the district court was in the best position to evaluate SFA's dismissal of one suit and continuance of another. We conclude, moreover, that the district court did not abuse its discretion in finding that the existence of other lawsuits by SFA does not, without more, render this case exceptional. The mere existence of these other suits does not mandate negative inferences about the merits or purpose of this suit.

Although Newegg presented evidence of amounts SFA had obtained in previous settlements, there were several payments that were inconsistent with Newegg's argument that SFA always settled with accused infringers for far less than the cost to prosecute a case to judgment. Although Newegg argued at oral argument that the larger amounts were to settle claims of a different patent, Oral Arg. at 2:03, *SFA Sys., LLC v. Newegg Inc.*, 2014-1712, available at http://oralarguments.cafc.uscourts.gov/default.aspx?/fl=2014-11712.mp3, those larger settlements imply that SFA does not always seek nuisance value settlements for amounts far less than the cost of litigation as Newegg asserts. Accordingly, the district court's unwillingness to read bad faith motivations into SFA's settle-

ment amounts, without more evidence about what prompted those settlements, was neither clearly erroneous nor an abuse of discretion.

As discussed above, moreover, the district court did not abuse its discretion in finding that SFA's litigating position does not stand out as meritless. SFA's prior lawsuits, therefore, differ from the pattern of litigation in *Eon-Net* where we affirmed the finding that the patentee's pattern of infringement claims was "meritless" and in bad faith. 653 F.3d at 1327–28.

Even taking all of this evidence together—SFA's dismissal of this case, the existence of other lawsuits by SFA, and its previous settlement amounts—we cannot conclude that the district court abused its discretion in finding that this case did not "stand[] out from others with respect to . . . the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. Notably, the district court did not find any evidence of misrepresentation or misleading statements by SFA during the course of this litigation. *Cf. Monolithic Power*, 726 F.3d at 1367 (finding that the patentee misrepresented the date of key evidence, and tried to mask false testimony through motion practice); *MarcTec*, 664 F.3d at 920 (finding that the patentee misrepresented both the law of claim construction and the constructions ultimately adopted by the court); *Eon-Net*, 653 F.3d at 1324–25 (finding that the patentee lodged incomplete and misleading extrinsic evidence).

Importantly, we do not hold that the district court cannot consider a patentee's pattern of prior litigation in determining whether a case is exceptional. Indeed, our § 285 cases that address litigation misconduct, which were not overruled by *Octane Fitness*, make clear that a district court should consider a patentee's pattern of litigation where adequate evidence of an abusive pattern is presented. In this case, we merely hold that the district

court did not abuse its discretion in finding that Newegg failed to proffer sufficient evidence of a pattern of litigation misconduct by SFA. *Section 285 Order* at 5 (characterizing Newegg's motion as being predicated on "insufficient evidence").

## III. CONCLUSION

Because we conclude that the district court did not abuse its discretion in finding that SFA's litigating position and the manner in which it litigated this case did not stand out, we affirm the district court's determination that Newegg failed to establish that this case is exceptional under § 285.

**AFFIRMED**