# United States Court of Appeals for the Federal Circuit

---

**ELECTRONIC COMMUNICATION TECHNOLOGIES, LLC,**
*Plaintiff-Appellee*

**v.**

**SHOPPERSCHOICE.COM, LLC,**
*Defendant-Appellant*

---

2019-2087

---

Appeal from the United States District Court for the Southern District of Florida in Nos. 9:16-cv-81669-KAM, 9:16-cv-81677-KAM, Senior Judge Kenneth A. Marra.

---

Decided: July 1, 2020

---

ARTOUSH OHANIAN, OhanianIP, Austin, TX, argued for plaintiff-appellee.

DAVID K. FRIEDLAND, Friedland Vining, PA, Miami, FL, argued for defendant-appellant. Also represented by JAMES STEPAN, Law Offices of James A. Stepan, P.A., Hollywood, FL.

---

Before PROST, *Chief Judge,* DYK and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Appellant ShoppersChoice.com, LLC ("ShoppersChoice") appeals the denial of attorney fees by the U.S. District Court for the Southern District of Florida ("District Court") pursuant to 35 U.S.C. § 285, following a judgment invalidating independent claim 11 of Appellee Electronic Communication Technologies, LLC's ("ECT") U.S. Patent No. 9,373,261 ("the '261 patent") as patent ineligible under 35 U.S.C. § 101. J.A. 1626–28 (Attorney Fee Order); *see* J.A. 1629 (Order Denying Motion for Reconsideration of Denial of Attorney Fees); *see also* J.A. 1–17 (Motion to Dismiss Judgment), 18–34 (Judgment on the Pleadings).[1] We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). We vacate and remand.

## BACKGROUND

This case arises from ECT's allegation that ShoppersChoice infringed claim 11 of the '261 patent. J.A. 1049. Entitled "Secure Notification Messaging with User Option to Communicate with Delivery or Pickup Representative," the '261 patent is directed "to systems and methods that notify a party of travel status associated with one or more mobile things (MTs)." '261 patent col. 1 ll. 50–51. Independent claim 11 recites a system that provides notification "involving advance notice of a delivery or pickup of a good or service" to a "personal communication device (PCD)[,]" by means of "one or more transceivers[,]" "one or more memories[,]" "one or more processors[,]" and a "computer program code[.]" *Id.* col. 93 ll. 12–45; *see id.* col. 6 ll. 31–33 (describing "a possible screen message that can

---

[1]    We affirmed the District Court's decision on the merits. *See Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, 958 F.3d 1178 (Fed. Cir. 2020).

be . . . shown on a notified PCD . . . during a notification communication"); *id.* Fig. 16A.[2]

In September 2016, ECT filed a complaint in the District Court against ShoppersChoice for, inter alia, infringement of claim 11. J.A. 1399 (Amended Complaint); *see* J.A. 1049 (Complaint).[3]  In December 2016, ShoppersChoice filed a motion for judgment on the pleadings, challenging claim 11 as patent ineligible. J.A. 1513–14; *see* 35 U.S.C. § 101. In February 2017, following discovery, the parties filed a joint claim construction statement, in which ECT specified that each of the disputed terms in claim 11 should be given its "[o]rdinary and customary meaning." J.A. 1582–88; *see* J.A. 1581–90 (Joint Claim Construction Statement). ShoppersChoice then moved to join a patent-eligibility hearing set in a parallel lawsuit, also before the District Court, in which ECT alleged claim 11 infringement against other companies. J.A. 1047–48. The District Court granted the motion and conducted a consolidated patent-eligibility hearing regarding claim 11. *See* Motion Hearing, *Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, No. 9:16-cv-81677-KAM (S.D. Fla. Apr. 7, 2017), ECF No. 59.[4]

---

[2]    ECT's previous name was Eclipse IP, LLC; the entity changed names in 2015. J.A. 255. Eclipse IP was listed as the applicant for the '261 patent, but the patent was assigned to ECT following the name change. J.A. 35, 520.

[3]    While ECT initially claimed that ShoppersChoice infringed claims from three patents, it subsequently amended its Complaint to assert infringement only of claim 11 of the '261 patent. J.A. 1626.

[4]    These parallel proceedings before the District Court include: *Elec. Commc'n Techs., LLC v. Minted, LLC*, No. 16-cv-81669-KAM; *Elec. Commc'n Techs., LLC v. Lakeshore Equip. Co.*, No. 16-cv-81672-KAM; and *Elec.*

Following the hearing, the District Court granted ShoppersChoice's motion for a judgment on the pleadings and invalidated independent claim 11 of the '261 patent. J.A 33–34; *see* J.A. 1581–90. The District Court conducted the two-step analysis set forth in *Alice Corp. Party Ltd. v. CLS Bank International*, 573 U.S. 208 (2014). J.A. 20–33. The District Court determined that, under *Alice* step one, "[independent] [c]laim 11 is directed to the abstract idea of providing advance notification of the pickup or delivery of a[n] [MT]." J.A. 23. Regarding *Alice* step two, the District Court concluded that "the elements of [independent] [c]laim 11 do not transform the abstract idea that they recite into . . . patent-eligible subject matter." J.A. 27–28. Accordingly, the District Court concluded that independent claim 11 was directed to patent-ineligible subject matter and granted judgment on the pleadings to ShoppersChoice. J.A. 33–34. We recently affirmed the District Court, holding that "the claim only entails applying longstanding commercial practices using generic computer components and technology." *ShoppersChoice.com*, 958 F.3d at 1183.

Subsequently, ShoppersChoice filed a motion for attorney fees. *See* ShoppersChoice.com's Local Rule 7.3 Motion for Attorneys' Fees ("Motion for Attorney Fees") at 5, *Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, No. 9:16-cv-81677-KAM (S.D. Fla. Mar. 15, 2019), ECF No. 82. In it, ShoppersChoice cited evidence it presented to the District Court that ECT sent standardized demand letters and filed repeat patent infringement actions for the purpose of obtaining low-value "license fees" and forcing settlements. *Id.* at 4–5. Specifically, ShoppersChoice had provided the District Court with evidence that, between 2011 and 2015, ECT, under its former name Eclipse, filed lawsuits against at least 150 defendants, alleging

---

*Commc'n Techs., LCC v. Pep Boys–Manny, Moe & Jack, d/b/a The Pep Boys*, No. 16-cv-81676-KAM. *See id.*

infringement of claims in the '261 patent and in other patents in the '261 patent's family. *Id.* at 4. Following attorney fee briefing, but before the District Court ruled, the U.S. District Court for the Central District of California ("California District Court") entered an award of attorney fees against ECT in yet another case for conduct related to one of ECT's numerous '261 patent infringement lawsuits. *See Kindred Studio Illustration & Design, LLC v. Elec. Commc'n Techs., LLC* ("*True Grit*"), Case No. 2:18-cv-07661-GJS, 2019 WL 3064112, at \*6–9 (C.D. Cal. May 23, 2019). ShoppersChoice filed a letter of supplemental authority informing the District Court of the ruling. J.A. 2155–56.[5]

A week after the letter was filed, the District Court denied ShoppersChoice's motion for the award of attorney fees. J.A. 1628; *see* J.A. 1626–28 (Attorney Fee Order). In doing so, the District Court explained that "[u]nder the Lanham Act, '[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party.'" J.A. 1627 (quoting 15 U.S.C. § 1117). In "considering the totality of the circumstances," the District Court determined the case was not exceptional. J.A. 1627. First, the

---

[5] Prior to the instant action, ECT filed a lawsuit in the California District Court, alleging infringement of ECT's U.S. Patent Nos. 7,064,681 ("the '681 patent"), 7,113,110 ("the '110 patent"), and 7,119,716 ("the '716 patent") against McKinley Equipment Corporation. *See Eclipse IP LLC v. McKinley Equip. Corp.* ("*McKinley*"), No. SAVC 14-154-GW(AJWx), 2014 WL 4407592, at \*1 (C.D. Cal. Sept. 4, 2014). The '681, '110, and '716 patents all contain claims that recite methods for a computer-based notification system. *See id.* The California District Court conducted patent eligibility analysis for each asserted claim in the '681, '110, and '716 patents and concluded that they were patent ineligible. *See id.* at \*7, 9, 11, 12.

District Court explained that "the substantive strength of the litigating position in this case does not render [it] 'exceptional[,]'" as ECT's "litigating position was [not] so obviously weak[.]"   J.A. 1627.   The District Court explained that, as "[t]here were no binding cases on point that stated that automated delivery notification [wa]s an abstract idea[,]" "the [District] Court analogized delivery notification to the kinds of conventional business practices that have been found to be abstract ideas."   J.A. 1627.   "Moreover," the District Court stated that it "had to" analyze whether independent claim 11 "was directed to a transformative application of an abstract idea[,]" suggestive of some substantive strength.   J.A. 1628.   Second, the District Court stated that it "[could not] conclude that [ECT] exhibited the kind of unreasonable behavior that would make this case stand apart from others."   J.A. 1628.   Accordingly, the District Court denied ShoppersChoice's Motion for Attorney Fees.   J.A. 1628.   ShoppersChoice moved for reconsideration, J.A. 2175–76, which the District Court denied, J.A. 1629.

## DISCUSSION

### I. Standard of Review and Legal Standard

Pursuant to the Patent Act's fee-shifting provision, a "[district] court in *exceptional cases* may award reasonable attorney fees to the prevailing party."   35 U.S.C. § 285 (emphasis added).   "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."   *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).   A "[d]istrict court[] may determine whether a case is 'exceptional' in the case-by-case exercise of [its] discretion, considering the totality of the circumstances."   *Id.*   While "there is no precise rule or formula" for considering the totality of the circumstances, *id.* (internal quotation

marks and alteration omitted) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)), a district court may weigh such factors as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case)[,] and the need in particular circumstances to advance considerations of compensation and deterrence[,]" *id.* at 554 n.6 (internal quotation marks omitted) (citing *Fogerty*, 510 U.S. at 534 n.19). Section 285 "imposes no specific evidentiary burden," and is instead "a simple discretionary inquiry[.]" *Id.* at 557.

We review a district court's denial or grant of attorney fees under § 285 for abuse of discretion. *See Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 561 (2014); *see also ThermoLife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1356 (Fed. Cir. 2019) ("We review a district court's grant of attorney[] fees under § 285 for abuse of discretion."). An abuse of discretion occurs where a district court makes "a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings." *Bayer CropScience AG v. Dow Agro-Sciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017) (internal quotation marks and citation omitted). "A factual finding is clearly erroneous if, despite some supporting evidence, we are left with the definite and firm conviction that a mistake has been made." *Insite Vision Inc. v. Sandoz, Inc.*, 783 F.3d 853, 858 (Fed. Cir. 2015) (internal quotation marks and citation omitted). A district court must "provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1276 (Fed. Cir. 2018).

## II. The District Court's Exceptional Case Determination Constitutes an Abuse of Discretion

The District Court denied ShoppersChoice's Motion for Attorney Fees, by finding the case not "exceptional" under the Lanham Act. J.A. 1627–28 (citing 15 U.S.C. § 1117).

ShoppersChoice contends that the District Court abused its discretion in weighing relevant factors, Appellant's Br. 31, and by applying the incorrect attorney fee statute, *id.* at 40. We agree with ShoppersChoice.

## A. The District Court Failed to Address ECT's Manner of Litigation

The District Court clearly erred by failing to address ECT's manner of litigation and the broader context of ECT's lawsuit against ShoppersChoice. *See generally* J.A. 1626–28. These are relevant considerations. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2017) ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285."). Before the District Court was evidence that ECT sent standardized demand letters and filed repeat patent infringement actions to obtain low-value "license fees" and forcing settlements. *See* Motion for Attorney Fees at 5. For example, ShoppersChoice provided the District Court with evidence that, between 2011 and 2015, ECT, under its former name Eclipse, filed lawsuits against at least 150 defendants, alleging infringement of claims in the '261 patent and in other patents in the '261 patent's family. *Id.* at 4. This number does not reflect the additional pre-litigation demands made by ECT. *See generally id.* ECT's demand for a low-value settlement—ranging from $15,000 to $30,000—and subsequent steps—such as failure to proceed in litigation past claim construction hearings—indicates the use of litigation to achieve a quick settlement with no intention of testing the strength of the patent or its allegations of infringement. *See id.* at 4–6. Not only did ShoppersChoice provide the District Court with a list of other court proceedings involving ECT and its demand letters involving claim 11, *id.* at 5, ShoppersChoice filed the *True*

*Grit* opinion with the District Court prior to its attorney fee determination, J.A. 2155–56.

Indeed, the *True Grit* opinion reveals problems with the District Court's analysis. The opinion provided a detailed account of ECT's practice of seeking nuisance-value license fees. *True Grit*, 2019 WL 3064112, at *8–9. In the decision, the California District Court concluded that awarding attorney fees against ECT was appropriate, either "consider[ing] only the litigation history of ECT (as both ECT and Eclipse IP) or the entire history of the entities that True Grit has demonstrated are related (including Shipping & Transit[, LLC ('S&T')]) the [California District] Court can discern a clear pattern of serial filings, and also several (and presumably many more) instances of threats of litigation, intended only to obtain quick settlements[.]" *Id.* at *9. In reviewing ECT's actions, the California District Court explained that "ECT's immediate demand for a low[-]value settlement, apparent willingness to reduce that amount to avoid any challenge to its patent, and immediate provision of a [covenant not to sue] to True Grit once the declaratory judgment action was filed demonstrate ECT's '*in terrorem*' tactics—threatening litigation in hopes of a quick settlement with no intention of ever testing either the strength of its patent or its allegations of infringement." *Id.* Moreover, the California District Court took judicial notice of "yet another litigious entity," S&T, "seeking nuisance value patent 'rents' that is helmed by many of the same individuals that control ECT[.]" *Id.* at *5. It explained that "[a]fter extracting nuisance value rents in many filed cases—and more than likely additional pre-litigation demand situations—[S&T] finally stopped sending demand letters and filing lawsuits after several federal courts" awarded attorney fees. *Id.* The California District Court stated that S&T then "filed for bankruptcy in an apparent bid to avoid paying attorney[] fees or other sanctions." *Id.* The California District Court highlighted that "ECT [does not] affirmatively state—in the [California

District] Court's view, because it cannot while remaining in compliance with [Federal Rule of Civil Procedure] Rule 11 and ethical rules—that the same group of people do not control the actions of each of these rent-seeking shell holding companies." *Id.* Moreover, the California District Court explained that ECT did not contest True Grit's assertion that, of the 875 times ECT has asserted the '261 patent and other patents in the patent family, ECT has never "tak[en] a single case to a merits determination." *Id.* at *6.[6]

---

[6]   Additionally, before the District Court was evidence that ECT's conduct regarding the '261 patent was not an isolated practice. ShoppersChoice presented evidence that ECT was managed by Peter Sirianni and had employed Edward Trumbull as a licensing agent. *See* Motion for Attorney Fees at 5. ShoppersChoice asserted that, prior to and concurrent with running Eclipse and ECT, Mr. Sirianni and Mr. Trumbull were associated with S&T, which has been widely recognized as "one of the most prolific" non-practicing entity plaintiffs in the United States. *Id.* at 5–6. ShoppersChoice also provided evidence that, at its peak, S&T had filed over five hundred lawsuits involving patent infringement and related claims, and that the pervasive litigation only stopped after several federal courts granted attorney fees against S&T. *Id.* at 5; *see, e.g.*, *Shipping & Transit, LLC v. 1A Auto, Inc.*, 283 F.Supp.3d 1290, 1299 (S.D. Fla. 2017); *Shipping & Transit, LLC v. LensDiscounters.com*, No. 16-80980-Civ-Rosenberg/Brannon, 2017 WL 5434581, at *7–8 (S.D. Fla. July 11, 2017); *Shipping & Transit, LLC v. Hall Enterprises*, No. 16-cv-06535-AG-AFM, 2017 WL 3485782, at *8 (C.D. Cal. July 5, 2017). Following these decisions, S&T filed for bankruptcy. Chapter 7 Voluntary Petition at 1, *In re Shipping & Transit, LLC*, No. 9:18-bk-20968-MAM (Bankr. S.D.

Despite the arguments and evidence presented by ShoppersChoice before the District Court regarding ECT's manner of litigation, including the *True Grit* opinion, the District Court only briefly addressed ECT's litigation conduct, explaining that it "[could not] conclude that [ECT] exhibited the kind of unreasonable behavior that would make this case stand apart from others" and that it was not the "'rare case'" that would warrant an exceptional determination. J.A. 1628 (quoting *Octane Fitness*, 572 U.S. at 555). There was no mention of the manner in which ECT litigated the case or its broader litigation conduct. J.A. 1626–28. Such conduct is a relevant consideration. *See Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1390 (Fed. Cir. 2017) ("[I]n the absence of evidence demonstrating that [ECT] engaged in reasonable conduct before the District Court, the undisputed evidence regarding [ECT's] vexatious litigation warrants an affirmative exceptional case finding here.").

"While [a] district court need not reveal its assessment of every consideration of § 285 motions, it must actually assess the totality of the circumstances." *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1360 (Fed. Cir. 2017). By not addressing the "adequate evidence of an abusive pattern" of ECT's litigation, *Newegg*, 793 F.3d at 1352, the District Court failed to conduct an adequate inquiry and so abused its discretion, *see Rothschild*, 858 F.3d at 1388 ("A district court abuses its discretion when, as here, it fails to conduct an adequate inquiry." (internal quotation marks, brackets, and citation omitted)); *see also Octane Fitness*, 572 U.S. at 554, 554 n.6 (stating that, while "there is no precise rule or formula" in considering the totality of circumstances, the district court may weigh, inter alia, "the need in particular circumstances to advance considerations

Fla. Sept. 6, 2018), ECF No. 1; *see* Motion for Attorney Fees at 5–6.

of compensation and deterrence" (internal quotation marks omitted) (citing *Fogerty*, 510 U.S. at 534 n.19)); *Newegg*, 793 F.3d at 1350 ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285.").

## B. The District Court Failed to Sufficiently Address the Objective Weakness of Claim 11

The District Court clearly erred by failing to consider the objective unreasonableness of ECT's alleging infringement of claim 11 against ShoppersChoice. The Attorney Fee Order did not reference, much less reconcile or account for, the District Court's determination on the objective unreasonableness of the claims against ShoppersChoice with the conflicting conclusions reached in *True Grit* or *McKinley*. J.A. 1626–28; *see Octane Fitness*, 572 U.S. at 554 n.6 (explaining that a district court, in analyzing the totality of circumstances, may weigh, inter alia, the "objective unreasonableness (both in the factual and legal components of the case)"). In *True Grit*, the California District Court concluded that "no reasonable patent litigant would have believed that [c]laim 11 of the '261 patent"—the same claim at issue in the instant case—"was viable[.]" 2019 WL 3064112, at *4.

In *McKinley*, which was decided two years before ECT filed its Complaint against ShoppersChoice, the California District Court invalidated claims of patents in the '261 patent's family as patent ineligible under § 101, finding the claims "directed to the abstract idea of asking people, based on their location, to go places[,]" and implemented with only "'generic computer[s]'" that did not transform the claims into patent eligible subject matter. 2014 WL 4407592, at *11 (quoting *Alice*, 573 U.S. at 223). In *True Grit*, the California District Court explained that all

of the asserted claims in *McKinley* came from patents that share the same specification as the '261 patent, and that "[c]laim 11 of the '261 [p]atent suffers from the same type of obvious defect" as the asserted claims in *McKinley*. 2019 WL 3064112, at *4. While ShoppersChoice stops short of claiming that either *McKinley* or *True Grit* bind the District Court, *see generally* Appellant's Br., the absence in the Attorney Fee Order of any reference to either relevant case, or any allusion to their opposing conclusions, is problematic, J.A. 1626–28; *see AdjustaCam*, 861 F.3d at 1360 (explaining that "[t]he record developed over [time] points to this case as standing out from others with respect to the substantive strength of [the] litigating position[,]" as the "suit became baseless after the district court's *Markman* order" as shown by "the evidence proffered by" the plaintiff). Accordingly, we conclude that the District Court abused its discretion in weighing relevant factors in its exceptional case analysis.

## C. Conclusion

For the foregoing reasons, we vacate the District Court's Attorney Fee Order and remand for further proceedings. In assessing the totality of the circumstances on remand, the District Court should consider, in a manner consistent with this opinion, ECT's manner of litigation and the objective unreasonableness of ECT's infringement claims.

We further note that the District Court applied the incorrect attorney fee statute. Specifically, the District Court applied 15 U.S.C. § 1117, J.A. 1267, which provides for the "award [of] reasonable attorney fees to the prevailing party" in "exceptional cases" concerning trademark violations, 15 U.S.C. § 1117(a). Instead, the District Court should have applied 35 U.S.C. § 285, as the lawsuit involved the sole claim of patent infringement. J.A. 1 (finding independent claim 11 patent ineligible following a claim of infringement); *see* 35 U.S.C. § 285 (stating that, in

the context of patent infringement remedies, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party"). Although we acknowledge that the District Court ultimately applied the proper standard, J.A. 1627, 1628 (citing *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (concluding that the exceptional case standard pertaining to 35 U.S.C. § 285 applies to 15 U.S.C. § 1117)), on remand the District Court should apply § 285 and relevant precedent.

Accordingly, the Attorney Fee Order of the U.S. District Court for the Southern District of Florida is

## VACATED AND REMANDED

COSTS

Costs to ShoppersChoice.