# United States Court of Appeals for the Federal Circuit

---

**ENERGY HEATING, LLC, ROCKY MOUNTAIN OILFIELD SERVICES, LLC,**

*Plaintiffs-Appellees*

**MARATHON OIL CORPORATION, MARATHON OIL COMPANY,**

*Third-Party Defendants-Appellees*

**v.**

**HEAT ON-THE-FLY, LLC, SUPER HEATERS NORTH DAKOTA, LLC,**

*Defendants-Appellants*

---

2020-2038

---

Appeal from the United States District Court for the District of North Dakota in No. 4:13-cv-00010-RRE-ARS, Chief Judge Ralph R. Erickson.

---

Decided:  October 14, 2021

---

XIANG LI, Davis Wright Tremaine LLP, Seattle, WA, argued for plaintiffs-appellees.  Also represented by F. ROSS BOUNDY, STUART RUSSELL DUNWOODY; STEVEN VAN GIBBONS, Gibbons & Associates, P.S., Seattle, WA.

SHANE P. COLEMAN, Holland & Hart LLP, Billings, MT,

argued for third-party defendants-appellees.  Also represented by JOHN SULLIVAN.

DEVAN V. PADMANABHAN, Padmanabhan & Dawson, PLLC, Minneapolis, MN, argued for defendants-appellants.  Also represented by BRITTA LOFTUS, PAUL J. ROBBENNOLT.

————————————

Before MOORE, *Chief Judge*, PROST and STOLL, *Circuit Judges*.

PROST, *Circuit Judge*.

On remand on the issue of attorneys' fees (following an affirmed judgment of patent unenforceability due to inequitable conduct), the district court found this case exceptional under 35 U.S.C. § 285 and entered judgment awarding fees to Energy Heating, LLC, Rocky Mountain Oilfield Services, LLC, Marathon Oil Corporation, and Marathon Oil Company (collectively, "Appellees").  Heat On-The-Fly, LLC and Super Heaters North Dakota, LLC (collectively, "HOTF")[1] now appeal the district court's exceptionality determination.  We affirm.

## BACKGROUND

This case is before us for a second time.  In the first appeal, we affirmed the district court's judgment that U.S. Patent No. 8,171,993 ("the '993 patent") is unenforceable due to inequitable conduct but vacated the district court's denial of attorneys' fees under § 285 and remanded on that issue alone.  *Energy Heating, LLC v. Heat On-The-Fly,*

————————————

[1]    Heat On-The-Fly is the patent owner and Super Heaters is a "sister corporation" of Heat On-The-Fly and a licensee of the patent.  Appellants' Br. 6; J.A. 3307.  The district court and the parties used "HOTF" to refer collectively to both entities.  We do the same for consistency.

*LLC*, 889 F.3d 1291, 1308 (Fed. Cir. 2018).  On remand, the district court found the case to be exceptional under § 285 and awarded attorneys' fees.

I

HOTF owns the '993 patent, which relates to a "method and apparatus for the continuous preparation of heated water flow for use in hydraulic fracturing," also known as fracking.  *Id.* at col. 1 ll. 28–30, 36–37.  Energy Heating and Rocky Mountain Oilfield Services (collectively, "Energy") compete with HOTF in providing water-heating services during fracking.  After a dispute arose between Energy and HOTF over possible patent infringement, Energy sought a declaratory judgment that the '993 patent was unenforceable due to inequitable conduct, invalid as obvious, and not infringed.  Energy additionally pled state-law tort claims.[2]  In response, HOTF filed counterclaims of infringement against Energy and filed a third-party infringement complaint against Marathon Oil Corporation and Marathon Oil Company (collectively, "Marathon"), which contracted with Energy for on-demand water-heating services.  Marathon then filed counterclaims of its own that mirrored Energy's declaratory-judgment suit.

Before trial, the district court granted partial summary judgment in Appellees' favor, finding no direct infringement of certain claims of the '993 patent and holding all claims invalid as obvious.  The case then proceeded to a jury trial and a bench trial held concurrently—the jury heard Energy's tort claims and the district court heard Appellees' inequitable-conduct claims.  The district court ultimately concluded that the '993 patent was unenforceable due to inequitable conduct.  Specifically, the court found by clear and convincing evidence that the patent would not

---

[2]    Energy also pled trademark claims on which it prevailed at trial.

have issued but for HOTF's deliberate decision to withhold information from the Patent and Trademark Office ("PTO")—information about substantial on-sale and public uses of the claimed invention well before the patent's critical date, and that it withheld with an intent to deceive. The jury, for its part, found that HOTF tortiously interfered with Energy's business. It awarded damages for that conduct. *See* J.A. 312–13. The jury also found, by clear and convincing evidence, that HOTF represented in bad faith that it held a valid patent (although the jury found that HOTF did not commit the torts of deceit or slander). J.A. 312–13. The district court subsequently denied attorneys' fees under § 285.[3]

After trial, HOTF appealed the judgments of inequitable conduct and tortious interference, the summary judgments of obviousness and no direct infringement, and the construction of disputed claim terms. Appellees cross-appealed the district court's denial of attorneys' fees under § 285. As to HOTF's appeal, we affirmed the judgment that the '993 patent is unenforceable due to inequitable conduct and therefore declined to reach the remaining patent issues raised by HOTF. *Energy Heating*, 889 F.3d at 1296. We also affirmed the judgment of tortious interference. *Id.* As to Appellees' cross-appeal, we vacated the district court's denial of attorneys' fees under § 285 because the court's opinion left us "unsure as to whether the court's basis for denying attorneys' fees rests on a misunderstanding of the law or an erroneous fact finding" and remanded the issue to the district court for reconsideration. *Id.* at 1307–08.

---

[3]    The district court also denied attorneys' fees and treble damages that Energy sought under state law because Energy did not plead the relevant cause of action. We affirmed this denial in the prior appeal. *Energy Heating*, 889 F.3d at 1305.

## II

On remand, Appellees renewed their motions for attorneys' fees under § 285, and the district court referred the motions and all supplemental briefing to a magistrate judge. The magistrate judge conducted a hearing and then recommended that the case be found "exceptional" because "the case stands out from others within the meaning of § 285 considering recent case law, the nature and extent of HOTF's inequitable conduct, and the jury's findings of bad faith." J.A. 4. By a preponderance of the evidence, the magistrate judge found that "this case stands out from others with respect to the substantive strength of HOTF's litigation position" and that "HOTF litigated the case in an unreasonable manner by persisting in its positions." J.A. 29. The magistrate judge also found, for example, that "[t]he number of undisclosed prior sales and the amounts HOTF received from those prior sales constitute affirmative egregious conduct" and that HOTF "pursued claims of infringement without any apparent attempt to minimize litigation costs" "despite [its] knowledge that its patent was invalid." J.A. 29.

HOTF subsequently filed various objections to the report and recommendation. The district court considered HOTF's "additional evidence and arguments" but adopted the report and recommendation in its entirety, therefore finding the case exceptional under § 285. J.A. 37–38. The district court then awarded attorneys' fees to Appellees and entered judgment accordingly. J.A. 1.

HOTF appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

### I

The only issue HOTF raises in this appeal is the district court's exceptionality determination under § 285, which we review for an abuse of discretion. *Highmark Inc.*

*v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563–64 (2014); *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017). We "must give great deference to the district court's exercise of discretion in awarding fees." *Energy Heating*, 889 F.3d at 1307 (citing *Highmark*, 572 U.S. at 564). To meet the abuse-of-discretion standard, the appellant must show that the district court made "a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings." *Bayer*, 851 F.3d at 1306 (quoting *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d 1374, 1377 (Fed. Cir. 1998)).

Under § 285, a "court in exceptional cases may award reasonable attorney fees to the prevailing party." An "exceptional" case under § 285 is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). The party seeking fees must prove that the case is exceptional by a preponderance of the evidence, and the district court makes the exceptional-case determination on a case-by-case basis considering the totality of the circumstances. *Id.* at 554, 557–58. We have explained that "prevailing on a claim of inequitable conduct often makes a case 'exceptional,'" *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1289 (Fed. Cir. 2011) (en banc), although not necessarily so, *Energy Heating*, 889 F.3d at 1307 ("We reaffirm that district courts may award attorneys' fees after finding inequitable conduct, but are not required to do so.").

II

HOTF challenges the district court's exceptionality determination on three principal grounds: (1) that the district court based its decision on an erroneous factual finding,

(2) that the district court failed to address or properly weigh the relevant factors, and (3) that the district court failed to properly apply the law. We address each issue in turn and conclude that the district court did not abuse its discretion in determining this case to be exceptional under § 285.

First, HOTF contends that the district court erroneously credited the jury's bad-faith finding in determining that "the jury concluded HOTF's case was substantively weak and . . . HOTF [unreasonably] persisted with its claims." Appellants' Br. 23 (quoting J.A. 30). HOTF's theory is that the district court abused its discretion in relying on the jury's bad-faith finding because that finding "had nothing to do with the strength or weakness of HOTF's litigation positions; it was tied exclusively to [Energy's] tortious interference claim." Appellants' Br. 23–24. We disagree. That HOTF made representations in bad faith that it held a valid patent was within the district court's "equitable discretion" to consider as part of the totality of the circumstances of HOTF's infringement case. *See Octane Fitness*, 572 U.S. at 554.

HOTF further argues that the district court erroneously relied on the jury verdict in finding exceptionality because "[b]y finding that HOTF did not commit the tort of deceit, the jury necessarily found that HOTF did not engage in inequitable conduct." Appellants' Br. 25 (emphases omitted). HOTF also argues that the district court on remand erroneously failed to address factual findings purportedly made in the court's order denying fees before the first appeal. Appellants' Br. 26. Neither argument is persuasive. As to the former, inequitable conduct was tried to the district court, not the jury, resulting in a judgment of unenforceability that we affirmed in the prior appeal. *Energy Heating*, 889 F.3d at 1308. The jury's finding of no state-law "deceit" simply has no bearing on inequitable conduct. As to the latter argument, the district court's previous order denying attorneys' fees is inapposite because

we vacated that order in the prior appeal. *Id.* (vacating and remanding to the district court for "reconsideration" of attorneys' fees); *Camreta v. Greene*, 563 U.S. 692, 713 (2011) ("Vacatur . . . strips the decision below of its binding effect and clears the path for future relitigation." (cleaned up)).

Second, HOTF contends that the district court abused its discretion because it "failed to address or properly weigh" factors relevant to exceptionality under § 285, namely, the "strength or weakness" of HOTF's litigation position, the absence of a finding of litigation misconduct, and the PTO's subsequent allowance of certain continuation patents claiming priority to the '993 patent. Appellants' Br. 26–33 (capitalization normalized). We disagree. For starters, the district court provided ample support for its conclusion that HOTF's case was "substantively weak"—for example, HOTF knew "that its patent was invalid" and that "no reasonable person could expect to prevail on claims of the patent's validity." J.A. 29–30. Indeed, here, HOTF mainly regurgitates its (losing) argument that the district court's previous order denying fees should control. *See* Appellants' Br. 28–30.

Next, contrary to HOTF's assertion, the district court was not required to affirmatively weigh HOTF's purported "lack of litigation misconduct." *See* Reply Br. 10–11. In support, HOTF relies on *Electronic Communication Technologies, LLC v. ShoppersChoice.com, LLC*, 963 F.3d 1371, 1378 (Fed. Cir. 2020). But HOTF mistakenly sees in that case its own proposition that "evidence that a party did not engage in [litigation] misconduct is equally relevant [to evidence of litigation misconduct] and must be considered." Appellants' Br. 32. Rather, in *Electronic Communication*, we merely held in relevant part that "the manner in which [patentee] litigated the case or its broader litigation conduct" is "a relevant consideration." 963 F.3d at 1378; *accord Octane Fitness*, 572 U.S. at 554 (holding that an "exceptional" case under § 285 is "one that stands out from others with respect to the substantive strength of a party's

litigating position . . . or the unreasonable manner in which the case was litigated"). In other words, while the "manner" or "broader conduct" of litigation is relevant under § 285, the absence of litigation *misconduct* is not separately of mandatory weight. *See Octane Fitness*, 572 U.S. at 554 (concluding that there is "no precise rule or formula" for making determinations under § 285 (citation omitted)). Likewise, we reject HOTF's further suggestion that litigation misconduct is "necessary to find a case exceptional," Reply Br. 10; *see also* Oral Arg. at 1:40–2:15,[4] a proposition wholly lacking support, *see, e.g.*, *Octane Fitness*, 572 U.S. at 554; *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013) ("[A]s a general matter, many forms of misconduct can support a district court's exceptional case finding . . . ."); *Therasense*, 649 F.3d at 1289. Here, the district court properly considered the totality of the circumstances, including the manner of HOTF's litigation, finding that "HOTF litigated the case in an unreasonable manner by persisting in its positions." J.A. 29. We see no abuse of discretion in the district court's apparent refusal to credit HOTF for not further engaging in litigation misconduct.

In addition, HOTF argues that the district court "failed to consider or weigh" that the PTO has issued "several continuation patents that claim priority to the '993 [p]atent and recite similar claims, despite the fact that HOTF [has now] disclosed [the] pre-critical date uses of [the] invention to the [PTO] during prosecution of those patents." Appellants' Br. 33. HOTF suggests that by allowing these claims, the PTO "apparently agreed that [HOTF's] pre-critical date uses were experimental, providing strong evidence of the strength of HOTF's litigation defenses to the inequitable conduct claims." Reply Br. 20. We are

---

[4]    No. 20-2038, http://oralarguments.cafc.uscourts .gov/default.aspx?fl=20-2038_06072021.mp3.

10          ENERGY HEATING, LLC v. HEAT ON-THE-FLY, LLC

unpersuaded.    HOTF's inequitable conduct as to the
'993 patent was affirmed in the first appeal.  The district
court did not abuse its discretion in finding the later-issued
continuation patents (which concern different claims) of lit-
tle or no relevance to its exceptionality determination.

Third, HOTF contends that the district court misap-
plied the law because it "viewed an inequitable conduct
finding as mandating a finding of exceptionality."  Appel-
lants' Br. 36.  Not so.  The district court correctly explained
that "[a] finding of inequitable conduct does not mandate a
finding of exceptionality."   J.A. 17; *see Energy Heating*,
889 F.3d at 1307 ("We reaffirm that district courts may
award attorneys' fees after finding inequitable conduct, but
are not required to do so.").  And while the district court
stated that after *Octane Fitness* "it appears other courts
have universally" found "exceptionality if inequitable con-
duct is found," the district court nonetheless appropriately
considered the governing law and the facts of this case in
reaching its conclusion.  J.A. 29.  We discern no legal error
and so no abuse of discretion in the district court's applica-
tion of the relevant law.

In sum, the district court did not abuse its discretion in
finding this case to be exceptional under § 285.

III

Relatedly, Appellees requested attorneys' fees under
§ 285 for this appeal in their respective briefs.  *See* Energy's
Br. 29–31; Marathon's Br. 40–41.  We generally have au-
thority to award appellate fees under § 285.  *See, e.g.*, *D.L.
Auld Co. v. Chroma Graphics Corp.*, 753 F.2d 1029, 1032
(Fed. Cir. 1985) (explaining that § 285 "authorizes us to
award to the prevailing party before this court its attor-
ney[s'] fees incurred in its successful handling of an ap-
peal"); *Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d
688, 692 (Fed. Cir. 1984) ("We construe the language of
§ 285 as applicable to cases in which the appeal itself is ex-
ceptional . . . .").  But, as HOTF notes, *see* Reply Br. 21–22,

Appellees' request is premature under Federal Circuit Rule 47.7, which requires here that "the application must be made within thirty (30) days *after* entry of the judgment or order denying rehearing, whichever is later," Fed. Cir. R. 47.7(a)(2) (emphasis added); *see Vidal v. U.S. Postal Serv.*, 143 F.3d 1475, 1481 (Fed. Cir. 1998). Accordingly, we decline to consider the merits of Appellees' request.

## CONCLUSION

We have considered HOTF's remaining arguments about the district court's exceptionality determination but find them unpersuasive. For the reasons above, we affirm the district court's judgment awarding attorneys' fees.

## AFFIRMED