**CORRECTED MEMORANDUM +**

NOV 02 2010

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>BANNER HEALTH, an Arizona corporation, DBA Banner Good Samaritan Medical Center,<br><br>            Defendant - Appellee. | No. 09-16019<br><br>D.C. No. 2:07-cv-01424-FJM<br><br><br>MEMORANDUM[*] |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff - Appellee,<br><br>   v.<br><br>BANNER HEALTH, an Arizona corporation, DBA Banner Good Samaritan Medical Center,<br><br>            Defendant - Appellant. | No. 09-16769<br><br>D.C. No. 2:07-cv-01424-FJM |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted October 8, 2010
San Francisco, California

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

The Equal Employment Opportunity Commission ("EEOC") appeals the district court's grant of summary judgment in favor of defendant Banner Health ("Banner"). The EEOC brought this age discrimination claim against Banner on behalf of Fernando and Maria Rosales, a married couple, who worked for Banner before they were terminated at age 61, allegedly for missing work the week after Christmas. The district court held that the EEOC had not established a prima facie case of age discrimination nor had it raised any issue of material fact as to whether Banner's legitimate non-discriminatory reason for the terminations was pretext.

Banner cross appeals the district court's order denying its motion for attorneys' fees and costs. The district court reviewed the EEOC's conduct and found that while the agency may have been "profoundly mistaken" and its approach "unprofessional," it did not act in bad faith or to purposefully oppress Banner. Because the district court found no bad faith, it declined to award Banner

its fees and costs under either 28 U.S.C. § 1927 or its inherent authority to sanction bad faith litigation.

We review the district court's grant of summary judgment de novo. *Lindahl v. Air France*, 930 F.2d 1434, 1436 (9th Cir. 1991). We review for abuse of discretion the district court's denial of attorneys' fees under 28 U.S.C. **§** 1927 and its inherent power to sanction bad-faith litigation. *See In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996); *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 646, 648 (9th Cir. 1997). Jurisdiction is proper under 28 U.S.C. § 1291, and we affirm.

1.      The EEOC's age discrimination claim

The Age Discrimination in Employment Act ("ADEA") prohibits employers from "discharg[ing] any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). This court evaluates ADEA claims based on circumstantial evidence pursuant to the three-step test first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1] + *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). Under the *McDonnell Douglas* test, the plaintiff must first establish each of the four elements of a prima facie case. *Id.* If the

---

[1] The Supreme Court, however, has not definitively determined whether the evidentiary framework established in *McDonnell Douglas* applies to ADEA claims. *See Gross v. FLB Fin. Servs., Inc.*, 129 S.Ct. 2343, 2349 n.2 (2009).

plaintiff is successful, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for its adverse employment action. *Id.* It is then the plaintiff's task to prove that the employer's proffered reason is mere pretext for unlawful discrimination. *Id.* To survive summary judgment, a plaintiff must do more than just establish a prima facie case, they "must tender a genuine issue of material fact as to pretext." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994) (citation ommited).

We affirm the district court because even assuming the EEOC established a prima facie case of age discrimination, it did not raise a triable issue about whether the Rosaleses were terminated *because of* their age. To demonstrate pretext, the EEOC must "produce enough evidence to allow a reasonable fact finder to conclude either: (a) that the alleged reason for the discharge was false, or (b) that the true reason for the discharge was a discriminatory one." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1287 (9th Cir. 2000) (quoting *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918 (9th Cir. 1997)). However, the EEOC must do more than merely deny the credibility of Banner's proffered reason. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1029 n.6 (9th Cir. 2006).

Here, the EEOC's evidence goes no further than denying the credibility of Armstrong's testimony that he never granted the Rosaleses time off. There is no

4

additional evidence showing that Banner's action "was taken for impermissibly discriminatory reasons." *Wallis*, 26 F.3d at 889. Moreover, regardless of whether Armstrong verbally granted approval, it is undisputed that the Rosaleses failed to follow Banner's policy requiring them to obtain written approval of their time-off request. As a result, they missed several scheduled shifts of work—a terminable offense. Therefore, we affirm the district court's grant of summary judgment in favor of Banner.

2. Banner's motion for attorneys' fees and costs

District courts have authority to award attorneys' fees and costs under 28 U.S.C. § 1927. Additionally, district courts have inherent authority to impose an award of attorneys' fees and costs in cases where the losing party has acted in bad faith or vexatiously. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975). A finding of subjective bad faith is essential to an award of attorneys' fees under either section 1927 or a court's inherent power. *See In re Keegan*, 78 F.3d at 436 (section 1927); *Primus Auto.*, 115 F.3d at 648 (inherent authority).

The district court did not abuse its discretion in denying Banner's motion for fees and costs. Although Banner raised several complaints about the EEOC's conduct, the district court found that there was no indication that the EEOC had

5

acted with subjective bad faith or with the intent to harass Banner. The EEOC's conduct does not demand a finding of bad faith, and we cannot say that the district court's determination "lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000). Therefore, we affirm the district court's order denying Banner's motion for attorneys' fees and costs.

**AFFIRMED**.