NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**VPERSONALIZE INC.,**
*Plaintiff-Appellee*

**v.**

**MAGNETIZE CONSULTANTS LTD., DBA KIT BUILDER,**
*Defendant-Appellant*

2020-1963

Appeal from the United States District Court for the Western District of Washington in No. 2:18-cv-01836-BJR, Senior Judge Barbara Jacobs Rothstein.

Decided:  February 4, 2021

MUDIT KAKAR, Choi Capital Law PLLC, Seattle, WA, for plaintiff-appellee.

SETH ALAIN WATKINS, Watkins Law & Advocacy, PLLC, Washington, DC, for defendant-appellant.

Before DYK, BRYSON, and O'MALLEY, *Circuit Judges.*

DYK, *Circuit Judge*.

Magnetize Consultants Ltd. ("Magnetize") appeals the decision of the United States District Court for the Western District of Washington denying Magnetize's motion for attorneys' fees and costs. Because the district court did not abuse its discretion, we *affirm*.

## BACKGROUND

vPersonalize Inc. ("vPersonalize") owns three patents, U.S. Patent Nos. 9,345,280 (the "'280 patent"), 9,406,172 (the "'172 patent"), and 9,661,886 (the "'886 patent"), which are generally directed to methods of creating manufacturing patterns for garments and accessories that incorporate ornamental designs.[1] On October 24, 2018, vPersonalize sent a notice letter to Magnetize asserting that Magnetize's 3D Kit Builder software infringed the three patents. vPersonalize demanded that Magnetize immediately stop selling or using the 3D Kit Builder software or, alternatively,

---

[1]    The '280 patent contains a single claim directed toward a "method for allowing a user to design on a 3D model of an apparel or accessory and automatically generating the manufacturing patterns for the said apparel or accessory with the corresponding design." '280 patent col. 3 ll. 13–25. The '172 patent contains one independent and two dependent claims. Independent claim 1 recites "[a] computer implemented method for modifying dimensions of a garment having at least one design pattern embedded thereupon." '172 patent col. 3 ll. 6–9. The '886 patent contains one independent claim and five dependent claims. Independent claim 1 is directed to "[a] computer implemented method . . . for capturing a design status or condition corresponding to a design pattern embedded on a garment pattern or component and transforming [the] captured design status or condition to incorporate dimensional or shape variations thereto." '886 patent col. 12 ll. 11–19.

license the asserted patents in order to "resolve this matter amicably." J.A. 197. Magnetize's 3D Kit Builder software allows users to create custom designs on different pieces of clothing.

Magnetize responded to vPersonalize's demand letter, asserting that the 3D Kit Builder software did not fall within the scope of the claims of the asserted patents. Magnetize contended that "[i]n the absence of any evidence to oppose [Magnetize's] position of non-infringement, we consider there to be no case to answer." J.A. 201.

On December 19, 2018, vPersonalize filed a complaint in the United States District Court for the Western District of Washington, which, as amended on April 25, 2019, asserted direct and indirect infringement of the three patents, misappropriation of trade secrets under the Defend Trade Secrets Act of 2016 ("DTSA"), and misappropriation of trade secrets under the Washington Uniform Trade Secrets Act ("WUTSA"). The two trade secret claims alleged that Magnetize obtained vPersonalize's trade secret through a Pennsylvania company called Inksewn. Inksewn was not added as a defendant.

On May 24, 2019, Magnetize filed a motion to dismiss all counts of the First Amended Complaint. While the motion was pending, vPersonalize voluntarily dismissed Count II of the First Amended Complaint, which asserted infringement of the '172 patent, and the parties engaged in discovery.

Magnetize filed several motions directed to vPersonalize's behavior during the discovery process. First, Magnetize filed a motion to compel regarding its first interrogatory and request for production, which concerned vPersonalize's pre-filing investigation. This motion was granted on October 25, 2019, and the court found that vPersonalize had waived any objections to the interrogatory and request, including attorney-client privilege, "both by its untimely response to the requests and by its failure to offer any valid

explanation therefor." J.A. 2261. As discovery continued, Magnetize also filed a motion to strike vPersonalize's infringement contentions, a motion for contempt concerning vPersonalize's alleged failure to comply with the court's October 25, 2019, order to respond to the first interrogatory and document request, and a motion to compel responses to the second set of interrogatories and document requests.

On January 22, 2020, the district court held a hearing on Magnetize's motion to dismiss and the pending discovery motions. During the hearing, the district court rebuked vPersonalize for its behavior during discovery, including its failure to provide proper answers to the interrogatories, stating:

> I don't understand what you think discovery is about. Do you think discovery is some sort of game? We don't give the information until you come before the court, then the court orders you to do it, then you do give the information? And in response to that, the court has to extend deadlines, so that defendant can now fairly respond to information you should have given months ago?

J.A. 4958 at 87:3–10.

Accordingly, the court granted Magnetize's motion to strike the infringement contentions and gave vPersonalize until February 5, 2020, to submit supplemented infringement contentions. The court warned that contentions "that remain[ed] inadequate [would] be subject to being stricken." J.A. 5002. The court additionally granted Magnetize's motion for contempt and ordered vPersonalize to produce all responsive material not yet produced. The court warned vPersonalize that it would not be permitted to rely on any documents not produced by January 27, 2020. Finally, the court granted Magnetize's motion to compel regarding its second set of interrogatories and requests for production, agreeing that the responses were "untimely, inadequate, and contained inappropriate

objections." J.A. 5004. The court determined that "[b]y its untimeliness, [vPersonalize] ha[d] waived its objections" to these interrogatories and requests. *Id.*

On February 3, 2020, the district court ruled on Magnetize's motion to dismiss, dismissing Counts III and V of the First Amended Complaint. With regard to Count III (asserting infringement of the '886 patent), the court held that the patent was directed to an abstract concept and was therefore invalid under 35 U.S.C. § 101. The court also dismissed Count V (asserting misappropriation of trade secrets under the WUTSA) because vPersonalize "fail[ed] to allege that any of the activities at issue *in this litigation* . . . were conducted in Washington." J.A. 4999.

The court declined to dismiss the remaining counts in the First Amended Complaint. The court determined that the '280 patent (asserted in Count I) was not directed to an abstract idea under § 101 because the claims "depict a fairly concrete series of specific rules, that when followed result in a tangible product: the desired manufacturing pattern, including the custom design." J.A. 4986. The court additionally concluded that infringement of the '280 patent was sufficiently pleaded, despite the fact that the "factual allegations in the First Amended Complaint [were] admittedly spare." J.A. 4995. Therefore, it concluded that dismissal of Count I was not warranted. Finally, the court determined that dismissal of Count IV (asserting the DTSA claim) was "inappropriate at this time" because it could not conclude that the DTSA civil enforcement provision did not apply to foreign entities like Magnetize. J.A. 4999.

On February 13, 2020, vPersonalize voluntarily dismissed Counts I and IV, resulting in the dismissal of the case as a whole. Magnetize moved for attorneys' fees and costs, seeking $630,318.91 in fees and $6,653.71 in costs.

The district court declined to award attorneys' fees and expenses to Magnetize. After summarizing the standards set by each of the four statutes under which Magnetize

sought attorneys' fees and expenses, the court analyzed Magnetize's entitlement under all four statutes at once, explaining that "there is much overlap" between the standards set by each statute. J.A. 7. The court explained that it had not "made a written finding that the case was frivolous or that [vPersonalize] or its attorneys acted in bad faith." *Id.* It further noted that "at least two of [vPersonalize's] claims survived [Magnetize's] motion to dismiss, lending credence to the contention that at least some of [vPersonalize's] case contained merit." *Id.* Finally, the court noted that "as regards [vPersonalize's] delay and obstruction of discovery, while the Court [did] not condone the manner in which [vPersonalize's] counsel conducted discovery, the Court [had] already instituted a reasonable consequence in finding that [vPersonalize] waived attorney-client privilege objections both by its untimely response to the requests and by its failure to offer any valid explanation therefor." *Id.* The court determined that "[s]uch a penalty was proportional and sufficient at the time." J.A. 8.

Magnetize appealed the district court's decision declining to award attorneys' fees. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Magnetize argues that it is entitled to attorneys' fees under four separate statutes. We begin with a description of each.

Under 35 U.S.C. § 285, which applies only to vPersonalize's patent claims, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." An "exceptional" case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

Section 1927 allows a district court to require an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" to personally pay the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In the Ninth Circuit (which law governs here), sanctions under § 1927 must be accompanied by a finding that the sanctioned attorney "acted recklessly or in bad faith or intended to increase costs." *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982).

Under Washington's Uniform Trade Secret Act, "[i]f a claim of misappropriation is made in bad faith . . . the court may award reasonable attorney's fees to the prevailing party." RCW § 19.108.040. Washington State has recognized that attorneys' fees may be awarded on the grounds of prelitigation misconduct, procedural bad faith, or substantive bad faith. *Rogerson Hiller Corp. v. Port of Port Angeles*, 982 P.2d 131, 135–36 (Wash. Ct. App. 1999). Prelitigation misconduct is "obdurate or obstinate conduct that necessitates legal action to enforce a clearly valid claim or right," procedural bad faith is "vexatious conduct during the course of litigation," and subjective bad faith "occurs when a party intentionally brings a frivolous claim, counterclaim, or defense with improper motive." *Id.* (cleaned up).

Additionally, under Washington law, a district court may:

> upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense.

RCW § 4.84.185. "[C]osts may not be imposed pursuant to RCW [§] 4.84.185 unless the entire case is deemed frivolous." *Kilduff v. San Juan Cnty.*, 453 P.3d 719, 727 (Wash. 2019).

We review the denial of attorneys' fees under § 285 for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 (2014); *SiOnyx LLC v. Hamamatsu Photonics K.K.*, 981 F.3d 1339, 1355 (Fed. Cir. 2020). We also review the denial of fees under 28 U.S.C. § 1927, RCW § 19.108.040, and RCW § 4.84.185 for abuse of discretion. *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005) (noting that the Ninth Circuit generally reviews grants or denials of attorneys' fees for an abuse of discretion, but "only arrive[s] at discretionary review if we are satisfied that the correct legal standard was applied and that none of the district court's findings of fact were clearly erroneous").[2]

Because vPersonalize voluntarily dismissed Counts I, II, and IV of the amended complaint, Magnetize is only the "prevailing party" with regard to Count III (infringement of the '886 patent) and Count V (misappropriation of trade secrets under the WUTSA). Consequently, Magnetize's entitlement to fees under 35 U.S.C. § 285, RCW § 19.108.040,

---

[2] There is no merit to vPersonalize's suggestion that Magnetize's motion for attorneys' fees was untimely because a final judgment had not been entered at the time Magnetize moved for attorneys' fees. A motion for attorneys' fees must only be "filed *no later than* 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i) (emphasis added); *see Radtke v. Caschetta*, 822 F.3d 571, 574 (D.C. Cir. 2016) (explaining that Fed. R. Civ. P. 54 "requires a petition [for fees] be filed 'no later than' 14 days after judgment is entered, *not* 'within' 14 days of a new judgment" and that a pre-judgment petition satisfies this requirement).

and RCW § 4.84.185 can only be supported by vPersonalize's behavior with respect to these two counts.

Magnetize does not argue that the district court made an error of law in declining to award fees. Rather, Magnetize contends that under the facts of the case, the district court abused its discretion. Magnetize presents essentially the same theories in support of its entitlement to fees under 35 U.S.C. § 285, RCW § 19.108.040, and RCW § 4.84.185. First, Magnetize cites vPersonalize's misconduct during discovery, including its failure to timely and properly respond to interrogatories and document requests. Insofar as Magnetize asserts its entitlement to fees based on vPersonalize's conduct during discovery, the district court could properly find that the discovery abuses were adequately dealt with through the sanctions it had already awarded and did not compel the award of attorneys' fees. *See, e.g.*, *Khan v. Hemosphere Inc.*, 825 F. App'x 762, 772 (Fed. Cir. 2020) (upholding a denial of attorneys' fees when the district court denied fees because "the conduct described in the motion [for attorneys' fees] was largely identical to the conduct already presented in the defendants' earlier sanctions motion and was already considered by the court in granting sanctions against the [plaintiffs]").

Second, Magnetize contends that vPersonalize "had no basis for alleging infringement of the '886 patent [Count III] or alleging trade secret misappropriation under the WUTSA [Count V]." Appellant's Br. 22. The district court dismissed Counts III and V, and Magnetize is the prevailing party as to those counts. However, the district court emphasized that it had not "made a written finding that the case was frivolous or that [vPersonalize] or its attorneys acted in bad faith." J.A. 7. Here, as in *EEOC v. Banner Health*, the district court did not abuse its discretion by denying fees even though the defendant "raised several complaints about the [plaintiff's] conduct" because the plaintiff's "conduct d[id] not demand a finding of bad faith,"

and therefore we cannot "say that the district court's determination 'lies beyond the pale of reasonable justification under the circumstances.'" 402 F. App'x 289, 292 (9th Cir. 2010) (citation omitted) (evaluating fees under 28 U.S.C. § 1927); *see also SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (noting that a "party's position . . . ultimately need not be correct for them to not stand out" under 35 U.S.C. § 285 (cleaned up)); *Fluke Corp. v. Milwaukee Elec. Tool Corp.*, 162 Wash. App. 1040 at *12 (2011) (finding that the district court did not abuse its discretion in denying fees under RCW § 19.108.040 despite defendants' allegation that the plaintiffs "made an inflammatory settlement offer, failed to identify the trade secrets at issue, made 'grossly overbroad' discovery requests, and pursued claims despite a lack of evidence" because the defendants "cite[d] no authority that these actions are evidence of bad faith").

The district court did not abuse its discretion by failing to expressly address Magnetize's allegation that vPersonalize performed an insufficient pre-suit investigation. The district court "had no obligation to write an opinion that reveals [its] assessment of every consideration." *Univ. of Utah v. Max-Plank-Gesellschaft zur Foerderung der Wissenchaften e.V.*, 851 F.3d 1317, 1323 (Fed. Cir. 2017). There is no showing that vPersonalize's pre-suit investigation was so deficient as to compel fees under these three statutes.

Finally, 28 U.S.C. § 1927 applies to "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." The district court did not abuse its discretion in denying fees under this high standard.

We conclude that the district court did not abuse its discretion in denying Magnetize's motion for attorneys' fees under any of the statutes.

**AFFIRMED**