NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HAWK TECHNOLOGY SYSTEMS, LLC,**
*Plaintiff-Appellant*

**v.**

**CASTLE RETAIL, LLC,**
*Defendant-Appellee*

---

2024-1116

---

Appeal from the United States District Court for the Western District of Tennessee in No. 2:20-cv-02766-JPM-tmp, Judge Jon P. McCalla.

---

Decided: November 14, 2025

---

PETER JOSEPH CORCORAN, III, Corcoran IP Law PLLC, Texarkana, TX, for plaintiff-appellant.

JUSTIN JAMES HASFORD, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for defendant-appellee. Also represented by JASON LEE ROMRELL.

---

Before REYNA, STOLL, and CUNNINGHAM, *Circuit Judges*.

REYNA, *Circuit Judge*.

Hawk Technology Systems, LLC appeals the award of attorney fees by the U.S. District Court for the Western District of Tennessee to Castle Retail, LLC. For the reasons stated below, we affirm the district court.

BACKGROUND

Hawk Technology Systems, LLC ("Hawk") owns U.S. Patent No. 10,499,091 ("'091 patent"). The '091 patent relates to viewing multiple videos at the same time. J.A. 58, 8:31–33. Claim 1 of the '091 patent is illustrative:

> 1. A method of viewing, on a remote viewing device of a video surveillance system, multiple simultaneously displayed and stored video images, comprising the steps of:
>
> receiving video images at a personal computer based system from a plurality of video sources, wherein each of the plurality of video sources comprises a camera of the video surveillance system;
>
> digitizing any of the images not already in digital form using an analog-to-digital converter;
>
> displaying one or more of the digitized images in separate windows on a personal computer based display device, using a first set of temporal and spatial parameters associated with each image in each window;
>
> converting one or more of the video source images into a selected video format in a particular resolution, using a second set of temporal and spatial parameters associated with each image;
>
> contemporaneously storing at least a subset of the converted images in a storage device in a network environment;

> providing a communications link to allow an external viewing device to access the storage device;
>
> receiving, from a remote viewing device remoted located remotely from the video surveillance system, a request to receive one or more specific streams of the video images;
>
> transmitting, either directly from one or more of the plurality of video sources or from the storage device over the communication link to the remote viewing device, and in the selected video format in the particular resolution, the selected video format being a progressive video format which has a frame rate of less than substantially 24 frames per second using a third set of temporal and spatial parameters associated with each image, a version or versions of one or more of the video images to the remote viewing device, wherein the communication link traverses an external broadband connection between the remote computing device and the network environment; and
>
> displaying only the one or more requested specific streams of the video images on the remote computing device.

J.A. 58–59, 8:31–9:5.

Hawk sued Castle Retail, LLC ("Castle") in the U.S. District Court for the Western District of Tennessee, alleging patent infringement. Castle moved to dismiss Hawk's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the '091 patent is patent ineligible under 35 U.S.C. § 101.

Applying the *Alice* framework, the district court ruled that under Step 1, the '091 patent is directed to the abstract idea of video storage display. Under Step 2, the court found that nothing in the claims transforms the abstract idea into patent-eligible subject matter. *Hawk Tech. Sys.,*

*LLC v. Castle Retail, LLC*, No. 2:20-cv-02766, 2021 WL 5832793, at \*2–6 (W.D. Tenn. Sept. 15, 2021) (citing *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014)). Concluding that claim 1 of the '091 patent claimed patent ineligible subject matter, the district court granted Castle's motion to dismiss Hawk's complaint. *Id.* at \*1. Hawk appealed the dismissal of its complaint, and we affirmed. *Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1356 (Fed. Cir. 2023).

Castle then moved the district court for attorney fees under 35 U.S.C. § 285, 28 U.S.C. § 1927, and the court's inherent authority. The district court awarded Castle attorney fees under 35 U.S.C. § 285,[1] reasoning that "[t]he substantive weakness of [Hawk's] litigation position in the instant case weigh[ed] in favor of an exceptional case determination." J.A. 12. The district court explained that while the '091 patent was presumptively valid, it was "demonstrably weak on its face." J.A. 12–13. The court ruled that once Castle filed its motion to dismiss, "it should have been abundantly clear to a reasonable party that [Hawk's] case was exceptionally weak." J.A. 13, 16 (citation modified). The district court further observed that Hawk's "boilerplate" complaint showed that it "clearly failed to engage in reasonable pre-suit investigation." J.A. 10. The district court observed that Hawk had filed and settled hundreds of patent suits, including numerous suits involving the same patent, and that Hawk's settlement negotiation conduct was "impolite and unprofessional." J.A. 10–11, 14–16 (citation modified). Finding the case exceptional under § 285, the district court awarded fees starting from the point at which Castle filed its motion to dismiss onwards. J.A. 16. The district court denied the motion for attorney

---

[1]    Section 285 provides that "[t]he court *in exceptional cases* may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (emphasis added).

fees under 28 U.S.C. § 1927 and its inherent authority. J.A. 17–18.

Hawk timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## STANDARD OF REVIEW

We review a district court's award of attorney fees under § 285 for an abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563–64 (2014). An abuse of discretion occurs when "the district court has made a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings." *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017) (citation modified).

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

## DISCUSSION

Hawk raises two primary arguments on appeal. First, Hawk argues that the district court abused its discretion in awarding Castle attorney fees because the court sealed "nearly the entirety of the briefing and exhibits related to" the fees motion, thereby prejudicing Hawk's ability to defend against Castle's motion. Appellant Br. 7–17. Second, Hawk argues that the district court abused its discretion in finding that this case is "exceptional" under 35 U.S.C. § 285. *Id.* at 17–40. We address each argument in turn.

## I.

We conclude that Hawk has forfeited the first issue by failing to raise it before the district court. "[A] position not presented in the tribunal under review will not be considered on appeal in the absence of exceptional circumstances." *In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020).

Castle filed its motion for fees and various exhibits thereto in the district court litigation under seal. Appellant Br. 7–13. Hawk never opposed Castle's motions to seal those filings or otherwise raised the issue of improper sealing in the underlying litigation. Appellee Br. 36–37. To the contrary, Hawk filed consent motions to file additional documents under seal in connection with Castle's motion for fees. *See, e.g.*, J.A. 934–39. Hawk now asserts for the first time that the district court's sealing orders were "overbroad, not narrowly tailored, and precluded Hawk's counsel from sharing any portion of the parties' briefs and sealed exhibits with their client." Appellant Br. 16. But Hawk makes no effort to explain why it never asserted before the district court that sealing was improper, or why it consented to additional sealing. *In re Google*, 980 F.3d at 863–64. Given these circumstances, we do not find exceptional circumstances exist warranting us to hear the argument for the first time on appeal. Accordingly, we decline to consider Hawk's first argument based on its forfeiture. *See Netflix, Inc. v. DivX, LLC*, 84 F.4th 1371, 1382 (Fed. Cir. 2023).

## II.

Hawk argues the district court abused its discretion in ruling that this is an exceptional case under Section 285. As noted above, Section 285 provides that "[t]he court *in exceptional cases* may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (emphasis added). The Supreme Court has explained that an exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). A Section 285 inquiry is generally "rooted in factual determinations." *Highmark*, 572 U.S. at 564. District courts have discretion as to whether to award attorney fees and consider the totality of

the circumstances when making that determination. *Octane Fitness*, 572 U.S. at 554.

Here, the district court determined the case was exceptional under the totality of the circumstances, including because (1) Hawk's "pattern of engaging in frivolous patent lawsuits . . . weighed in favor of an exceptional case determination"; (2) the '091 patent was "demonstrably weak on its face"; and (3) Hawk's settlement negotiation conduct was "impolite and unprofessional." J.A. 10, 13, 15 (citation modified). Hawk argues that the district court abused its discretion because each of these determinations was erroneous. We address each of Hawk's arguments in turn.

First, Hawk argues the district court abused its discretion by erroneously finding Hawk engaged in a pattern of frivolous lawsuits. Appellant Br. 18. Hawk asserts the district court provided "no evidence" that its other patent lawsuits were frivolous. *Id.* at 19. But Hawk's own briefing belies this argument. Hawk spends twelve pages rebutting the evidence the district court relied on in reaching its finding. *Id.* at 18–30. For example, the district court considered the "brief and boilerplate" nature of Hawk's complaint, and the fact that it lacked "particularized allegations" against Castle. J.A. 10–11. The district court also considered the vast number of patent suits Hawk had filed (including numerous suits involving the '091 patent) and the average settlement amounts in those lawsuits. J.A. 11–12. Based on these considerations, the district court found Hawk to have engaged in a pattern of frivolous patent litigation and considered this to be one factor "weigh[ing] in favor of an exceptional case determination." J.A. 10 (citing *Eon-Net v. Flagstar Bancorp*, 653 F.3d 1314 (Fed. Cir. 2011)). Based on this record, the district court did not clearly err in finding that Hawk engaged in a

pattern of frivolous lawsuits.[2]  Thus, there is no abuse of discretion in the district court's consideration of Hawk's pattern of frivolous lawsuits in determining exceptionality. *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2017) ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285.").

Second, Hawk argues the district court abused its discretion by erroneously finding Hawk's validity case so weak that "no reasonable litigant could have reasonably expected success on the merits." Appellant Br. 32.  Hawk argues that it justifiably relied on the statutory presumption of validity and therefore had "no reason to believe that the '091 patent was invalid." *Id.* at 30, 32.  But the district court took the presumption of validity into account, finding that the '091 patent was "demonstrably weak on its face, *despite the initial presumptions* created when the patent was issued by the PTO." J.A. 12–13 (citing *Edekka LLC v. 3balls.com, Inc.*, No. 2:15-cv-541, 2015 WL 9225038, at \*2 (E.D. Tex. Dec. 17, 2015)) (emphasis added).  The district court pointed to specific "untenable" positions Hawk took after Castle filed its motion to dismiss the '091 patent as being invalid under 35 U.S.C. § 101.  *E.g.*, J.A. 13

---

[2]     The district court also found that Hawk was a non-practicing entity and suggested that such entities may proceed in patent litigation with little business risk.  J.A. 10. Were this generalization the basis for the district court's exceptional case finding or its pattern of frivolous filings finding, that would be erroneous.  We read the district court's opinion, however, as relying on specific evidence of Hawk's filing of prior suits for the purpose of obtaining settlements as opposed to relying on Hawk's status as a practicing or non-practicing entity.

(discussing Hawk's argument that "temporal and spatial parameters" were the inventive concept "when there is substantial case law holding that such data manipulation claims and uses of mechanical formulas are abstract"). Further, Hawk's argument, if accepted, contradicts the Supreme Court's holding in *Octane* that the "substantive strength of the party's litigating position" is relevant to the exceptional case determination. 572 U.S. at 554. We find no abuse of discretion in the district court's consideration of the weakness of Hawk's litigation position in its determination of exceptionality.

Third, Hawk argues that the district court abused its discretion by attributing the "impolite and unprofessional" litigation conduct of Hawk's lawyers to Hawk. Appellant Br. 35–36. We agree with Castle that this argument is without merit. Appellee Br. 31. The district court relied on emails sent from Hawk's counsel to Castle's counsel as evidencing Hawk's unreasonable litigation conduct. J.A. 14–15. In one such email, Hawk's counsel conveyed Hawk's position that it would pursue other members of a grocer association to which Castle (a small grocery store chain) belonged. J.A. 14 (citing J.A. 167). We find the district court did not clearly err by attributing this litigation conduct to Hawk.

Hawk further argues that, even if attributable to Hawk, the cited conduct does not warrant a finding of exceptionality because it does "not rise to a sanctionable level." Appellant Br. 37. Again, Hawk's argument directly contradicts *Octane*. Per *Octane*, a district court may award attorney fees when a party's "unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." 572 U.S. at 555. In addition, the district court did not base its award on this alone.

In sum, we find that the district court did not abuse its discretion in determining—under the totality of the

10      HAWK TECHNOLOGY SYSTEMS, LLC v. CASTLE RETAIL, LLC

circumstances—that the case was exceptional under Section 285.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive.  For the reasons stated, we affirm.

## **AFFIRMED**

COSTS

Costs against Hawk.