# United States Court of Appeals for the Federal Circuit

---

**MCOM IP, LLC,**
*Plaintiff-Appellant*

**VICTORIA E. BRIEANT,**
*Sanctioned Party-Appellant*

**v.**

**CITY NATIONAL BANK OF FLORIDA,**
*Defendant-Appellee*

---

2024-2089

---

Appeal from the United States District Court for the Southern District of Florida in No. 1:23-cv-23427-RNS, Judge Robert N. Scola, Jr.

---

Decided: May 15, 2026

---

WILLIAM PETERSON RAMEY, III, Ramey LLP, Houston, TX, argued for plaintiff-appellant and sanctioned party-appellant.

MICHAEL I. SANTUCCI, 500law, Fort Lauderdale, FL, argued for defendant-appellee. Also represented by SALVATORE FAZIO; TED WHITLOCK, Ted Whitlock Registered Patent Atty PA, Fort Lauderdale, FL.

---

Before DYK, MAYER, and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge*.

mCom IP, LLC, is the assignee of U.S. Patent No. 8,862,508, which claims a "unified electronic banking system" and a method of constructing a "unified electronic banking environment." In 2023, the Patent and Trademark Office (PTO), in an inter partes review (IPR) under 35 U.S.C. §§ 311–19, held unpatentable all but four claims of the '508 patent, slating them for cancellation. Thereafter, mCom brought the present action against City National Bank of Florida in the U.S. District Court for the Southern District of Florida, alleging infringement of the remaining four claims (2, 8, 14, and 17). The district court dismissed mCom's complaint with prejudice for failure to state a claim, ruling that the asserted claims were invalid on the same obviousness grounds asserted in the IPR against the other claims of the '508 patent and that mCom had not adequately pleaded infringement. *mCom IP, LLC v. City National Bank of Florida*, No. 1:23-cv-23427, 2024 WL 2892007, at *2–5 (S.D. Fla. June 10, 2024) (*Dismissal*). The court subsequently awarded attorneys' fees and costs to City National, relying on the exceptional-case authority of 35 U.S.C. § 285 for an award against mCom and on the attorney-sanction authority of 28 U.S.C. § 1927 for a separate award against mCom's counsel, Victoria Brieant. *mCom IP, LLC v. City National Bank of Florida*, No. 1:23-cv-23427, 2025 WL 939224, at *1–2 (S.D. Fla. Mar. 28, 2025) (*Fees Ruling*).

mCom and Ms. Brieant challenge the dismissal, the § 285 award, and the § 1927 sanction. (Because they have filed a single brief, we refer to both of them as "mCom.") We affirm the dismissal because mCom advances no meritorious challenge to the invalidity ground for that dismissal. We reverse the § 285 award and § 1927 sanction because the grounds presented to the district court were

insufficient to support a conclusion that the case was exceptional as required by § 285 or that mCom's counsel acted with the bad faith required by § 1927.

I

A

The '508 patent is titled "System and Method for Unifying e-Banking Touch Points and Providing Personalized Financial Services." It suggests that, at present, electronic banking "touch points," such as ATMs and web-based online banking portals, are "stand-alone systems," each providing "relatively few control and presentation options" to customers and financial institutions. '508 patent, col. 1, lines 25–67. According to the specification, "there is currently no system or method" "for unifying all of a financial institution's e-banking touch points into a common point of control." *Id.*, col. 1, lines 63–67.

To fill a stated need for such unification, the patent proposes configuring a "multi-channel server . . . to unify transactional and customer related data processed throughout all e-banking touch point services provided by a financial institution." *Id.*, col. 2, lines 24–27. Such a server "allows for robust distribution of advertisements and messages to any combination or group of transaction screens viewable by a customer" and "enable[s customers] to customize their experience at any of the e-banking touch points." *Id.*, col. 2, lines 37–47.

Claim 17, which depends on independent claim 13, is the only claim at issue in mCom's merits appeal. Those two claims read as follows:

13. A unified electronic banking system, said system comprising:

a common multi-channel server, wherein said multi-channel server is communicatively coupled to one or more independent computer systems;

4          MCOM IP, LLC v. CITY NATIONAL BANK OF FLORIDA

wherein each of one or more independent computer systems is associated with an independent financial institution, and each of said computer systems is communicatively coupled to said multi-channel server;

one or more e-banking touch points, each of which comprise one or more of an automatic teller/transaction machine (ATM), a self-service coin counter (SSCC), a kiosk, a digital signage display, an online accessible banking website, a personal digital assistant (PDA), a personal computer (PC), a laptop, a wireless device, or a combination of two or more thereof, wherein one or more of said e-banking touch points are communicatively coupled to said multi-channel server, and wherein at least one of said e-banking touch points is in communication with one or more financial institutions through said multi-channel server; and

a data storage device, wherein transactional usage data associated with a transaction initiated by a user through one of said e-banking touch points is stored in said data storage device and accessed by one or more of said other e-banking touch points;

wherein said active session is monitored via said server in real-time for selection of targeted marketing content correlated to said user-defined preferences, said targeted marketing content correlated to said user-defined preferences is selected subsequent to said monitoring and transmitted in real-time to at least one of said e-banking touch points for acceptance, rejection, or no response by a user, and wherein said response by said user is used during said active session to determine whether transmission of additional information related to said marketing content occurs during said active session.

17. The system of claim 13, wherein said system provides said one or more financial institutions with a common point of control of functionality provided by said system.

*Id.*, col. 10, line 35, through col. 11, line 4; col. 11, lines 15–17.

B

In April 2021, mCom sued NCR Corporation in the Western District of Texas for infringement of the '508 patent. Complaint, *mCom IP, LLC v. NCR Corp.*, No. 6:21-cv-00325, ECF No. 1 (W.D. Tex. Apr. 5, 2021). In September 2021, the case settled and was voluntarily dismissed. *Id.*, ECF No. 27 (Sept. 24, 2021). As part of the settlement, mCom entered into an agreement with NCR in September 2021 (the 2021 mCom-NCR Agreement), in which mCom provided, with respect to at least the '508 patent, a license and a release, with some coverage of at least some NCR customers. *See* J.A. 946; J.A. 1004–11 (confidential).

In October 2021, an entity called Unified Patents, LLC, petitioned the PTO to institute an inter partes review, for obviousness under 35 U.S.C. § 103, of most of the claims of the '508 patent—claims 1, 3–7, 9–13, 15–16, and 18–20. The review was instituted, and in February 2023, the PTO's Patent Trial and Appeal Board held all the challenged claims unpatentable for obviousness, slating them for cancellation under 35 U.S.C. § 318. *See Unified Patents, LLC v. mCom IP, LLC*, No. IPR2022-00055, 2023 WL 1824005, at *1 (P.T.A.B. Feb. 8, 2023).

mCom filed the present action in September 2023 in the Southern District of Florida, alleging that City National infringed the four claims (2, 8, 14, and 17) not challenged in the IPR. J.A. 32, 39–43. It attached to the complaint a claim chart for asserted claim 17 and its independent (unasserted) claim 13. J.A. 61–71. The claim chart, containing screenshots of City National web pages

titled "Online and Mobile Services" and "Privacy Policy," purported to show that City National's online banking offerings infringed the asserted claims. *See id.* In a single count of the complaint, mCom alleged that City National directly and indirectly, and indeed willfully, infringed the asserted claims. J.A. 41–42; *see* J.A. 43.

City National moved to dismiss for failure to state a claim, and mCom opposed, but the district court struck the complaint *sua sponte* as a so-called "shotgun pleading" because it "fail[ed] to 'separate[ ] into a different count each cause of action.'" J.A. 268–69 (quoting *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1322–23 & n.13 (11th Cir. 2015) (disapproving such pleadings)). In the same order, the court denied the motion to dismiss as moot and gave mCom leave to file an amended complaint, warning that a complaint that did not satisfy the plausibility pleading standard might be subject to dismissal with prejudice. *Id.*

mCom filed an amended complaint (the operative complaint here) in February 2024, which differed from the original complaint in two principal respects. First, it contained several new paragraphs of pleading that the '508 patent claimed patent-eligible subject matter, satisfying the requirements of 35 U.S.C. § 101. J.A. 275–84. Second, it attached an updated claim chart with additional infringement allegations, including more screenshots of City National's website. *See* J.A. 304–29.

City National, in April 2024, again moved to dismiss under Federal Rule of Civil Procedure (Rule) 12(b)(6). J.A. 343–63. It argued that the asserted claims were invalid under § 101 because they claimed patent-ineligible subject matter. J.A. 355–57. Separately, City National argued that the claims were invalid under § 103, because they were "not patentably distinct" from the claims determined to be unpatentable in the IPR, so were "also obvious . . . in view of the[ ] same [prior art] references." J.A. 357–62.

Beyond its invalidity grounds, City National contended that the complaint does not plausibly allege infringement of the asserted claims, J.A. 351–53—specifically, that, for claim 17, it does not "allege any infringing activity outside the scope of invalid and canceled independent claim 13," J.A. 353. City National further asserted that the amended complaint still impermissibly "commingles several theories of liability in a single 'infringement' count." J.A. 350 (capitalization altered). mCom opposed dismissal and, in the alternative, requested leave to amend its complaint, though it did not specify what different or additional allegations a further amendment would include. *See* J.A. 490–514.

From March through May of 2024, concurrent with the parties' briefing on the motion to dismiss, there was an ongoing dispute about whether City National was licensed to practice the patent under the 2021 mCom-NCR Agreement. By mid-March, City National had learned of that Agreement and sought information about it from mCom. *See* J.A. 575. Between March and May, the parties corresponded about the Agreement several times, with City National taking the position that it was a customer of NCR covered by the Agreement and mCom insisting that City National provide a statement from NCR to the same effect. *See* J.A. 581–82, 585.

In June 2024, the district court granted the motion to dismiss. It ruled that infringement had not been adequately pleaded because mCom's "claim chart is difficult (if not impossible) to parse," and mCom otherwise offered only "bare assertions . . . that the screenshots in the claim chart 'literally specify the claimed functions.'" *Dismissal*, at \*5. Before it made that noninfringement ruling, the court separately reviewed each of the four asserted claims and held that they "do[ ] not add any non-obvious content" or "do[ ] not add patentable substance" to the claims held unpatentable (and slated for cancellation) in the IPR, and were therefore invalid. *See id.*, at \*2–5. The court did not

separately address and adjudicate City National's separately presented argument for ineligibility under § 101. Finally, having held that the complaint must be dismissed, the court denied leave to amend because mCom's request was noncompliant with Rule 7(b)(1) (requiring that a request for a court order be made by motion) and "lacking in any substantive support." *Id.*, at *6. mCom timely appealed the dismissal.

C

Following the dismissal and mCom's notice of appeal, City National sought attorneys' fees and costs (hereafter referred to just as fees, for simplicity), contending that the case was exceptional under 35 U.S.C. § 285 and litigated in bad faith under 28 U.S.C. § 1927. J.A. 544–61. It requested $72,508.50, *i.e.*, all of City National's fees from the filing of the original complaint. *See* J.A. 560, 965. City National advanced the same principal reasons for both the § 285 award and the § 1927 sanction: (a) "a cursory look" at the asserted claims showed them to be invalid, J.A. 552; (b) mCom had not adequately pleaded infringement, J.A. 555; (c) "mCom [never] investigate[d] whether a license . . . would cover the purported infringing activity," "even after being put on actual notice" of such a license, J.A. 552, 554; and (d) mCom had filed many other patent suits without taking any to trial, implying an improper goal of "quickly settling . . . for nuisance value," J.A. 553–54. *See* J.A. 555–57. mCom opposed. It emphasized that it was entitled to rely on the presumption of validity in suing on the asserted claims, J.A. 663–64, and had attempted in good faith to adequately plead infringement, J.A. 664–67. mCom further contended that City National had never produced evidence that would establish that it had a licensure defense, J.A. 661–63, 667, and that there was "no evidence . . . that mCom sought nuisance value settlements," J.A. 666.

The district court referred the fees motion to a magistrate judge, who heard argument and then recommended

that City National be awarded all of the fees it had requested, under both statutory provisions, increased to $87,111 to reflect fees incurred litigating the fees motion. *mCom IP, LLC v. City National Bank of Florida*, No. 1:23-cv-23427, 2025 WL 1047149, at *3–5, *7–8 (S.D. Fla. Mar. 11, 2025) (*Report and Recommendation*). The magistrate judge further recommended that $33,986.43 be awarded under § 285, reflecting fees incurred before the filing of the amended complaint, and the remaining $50,619.59 be assessed against Ms. Brieant as a § 1927 sanction, reflecting City National's fees after the amended complaint was filed. *Id.*, at *6–8. In March 2025, the district court adopted the magistrate judge's report and recommendation "in full" over mCom's opposition, *Fees Ruling*, at *2, so we refer to the magistrate judge's analysis as the district court's own.

Thereafter, mCom amended its notice of appeal to challenge the fees award. We have jurisdiction to hear the appeal under 28 U.S.C. § 1295(a)(1). We heard oral argument in this matter in tandem with mCom's appeal from another district court's dismissal of an mCom action alleging infringement of the '508 patent, which we decide today along with the present matter. *mCom IP, LLC v. HSBC Bank USA, N.A.*, No. 24-1828 (Fed. Cir. May 15, 2026).[1]

---

[1]    After the briefs were filed in this court, City National filed a motion, ECF No. 65, asking us (1) to strike mCom's reply brief for containing redundant or new arguments, or to allow the filing of a sur-reply, *id.* at 5, and to order that mCom (2) update its Rule 47.4 certificate of interest and (3) add to the joint appendix matter that mCom had omitted, *id.* at 5–7. We deny the motion. We are able to determine what, if any, aspects of the reply brief should be disregarded, and we see no need for a sur-reply. City National has not adequately elaborated on the pertinent Rule 47.4 standards to show that mCom's certificate needs amending. And supplementation of the joint appendix at

## II

mCom challenges the dismissal of its amended complaint with prejudice only as to claim 17.  It also seeks reversal of the § 285 award and the § 1927 sanction.

Following the Eleventh Circuit's law, we review the Rule 12(b)(6) dismissal without deference, accepting the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff, *Magluta v. Samples*, 375 F.3d 1269, 1273, 1276 (11th Cir. 2004), and we review the denial of leave to amend for abuse of discretion, *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999).  We review a § 285 award and underlying exceptional-case determination for abuse of discretion, applying our own law.  *In re PersonalWeb Technologies LLC*, 85 F.4th 1148, 1153–54 (Fed. Cir. 2023); *see Highmark Inc. v. Allcare Health Management System, Inc.*, 572 U.S. 559, 563–64 (2014).  We review a § 1927 sanction for abuse of discretion, applying the Eleventh Circuit's law.  *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1280 (11th Cir. 2010).  A district court abuses its discretion when it makes "a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings."  *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017) (citations omitted); *see Whitten v. Clarke*, 41 F.4th 1340, 1346 (11th Cir. 2022) (similar).

## A

mCom appeals the district court's merits ruling, dismissing the case, only as to claim 17.  mCom Opening Br. at 36.  mCom addresses both invalidity, *id.* at 39–42, and noninfringement, *id.* at 36–39.  mCom also challenges the

---

this stage is not needed; all the material at issue is publicly available on the district court's docket and already part of our record.  Fed. R. App. P. 10(a)(1).

denial of leave to amend the complaint after the dismissal. *Id.* at 42–43. We reject mCom's arguments.

We affirm the dismissal on the ground of invalidity. mCom makes only two arguments to us regarding invalidity: (1) that the district court did not actually invalidate claim 17; and (2) that claim 17 claims patent-eligible subject matter under 35 U.S.C. § 101. *Id.* at 39–42. Neither argument presents any obstacle to affirming the dismissal.

The first argument is plainly incorrect. The district court ruled that claim 17 "does not add patentable substance to [unpatentable] claim 13." *Dismissal*, at *5. That ruling was part of a multi-page analysis of the four asserted claims, *id.* at *2–5—directly corresponding to the section of City National's motion urging invalidity, J.A. 357–62—in which the court concluded that mCom had not "rebutted City National's argument regarding the claims' invalidity," *Dismissal*, at *4. The only possible reading of the district court's decision is that it held the asserted claims invalid.

It is equally clear that the court did so on the same obviousness grounds, under 35 U.S.C. § 103, as those on which the PTO's Board relied to hold the other claims of the '508 patent unpatentable. *See id.*, at *2–5; J.A. 136–76. mCom's second point about invalidity, which is an argument for subject-matter eligibility under 35 U.S.C. § 101, is simply beside the point. City National made an ineligibility argument to the district court, but the court did not decide the issue. *See* J.A. 355–57; *Dismissal*, at *2–5. mCom's argument that claim 17 passes muster under § 101 is not a substitute for an argument for nonobviousness under § 103. *See Diamond v. Diehr*, 450 U.S. 175, 191 (1981) ("[R]ejection on [obviousness] grounds does not affect the determination that [a] claim[ ] recite[s] subject matter . . . eligible for patent protection."). Because we have been presented with no challenge at all related to claims 2, 8, or 14, and no persuasive reason to disturb the

invalidation of claim 17, mCom has failed to show error in the district court's invalidity ruling.[2]

Given that conclusion, we need not decide definitively whether there is reversible error in the district court's alternative determination that the complaint did not plausibly plead infringement of claim 17. *See Dismissal*, at \*5. In the *mCom v. HSBC* case, we today hold that mCom's complaint asserting claim 17 against a different bank was properly dismissed for failure to meet the governing pleading standards with respect to the "real-time" elements and the "common point of control" element of claim 17. *See mCom v. HSBC*, slip op. at 7–9. mCom's complaint in the present matter appears quite similar, suggesting comparable deficiencies in pleading. But we need not decide that issue given our affirmance of the district court's invalidity ruling.

Finally, we see no basis for disturbing the district court's denial of leave to amend the complaint after the dismissal. mCom has identified no abuse of discretion in the district court's rejection of mCom's request as both procedurally improper under Rule 7 and substantively deficient for failing to explain how mCom proposed to amend its allegations. *See Newton v. Duke Energy Florida, LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) (holding that a request for leave to amend must "state with particularity the

---

[2]   mCom adverts to the possible issue-preclusive effect of the invalidity ruling, mCom Opening Br. at 41, but such a possible (or confirmed) preclusive effect neither creates doubt that the district court here held the claims invalid for obviousness nor undermines the obviousness ruling on its merits. We do find such a preclusive effect today in the *mCom v. HSBC* case, following the general principle that whether a decision in one case has preclusive effect in another is to be determined in the latter. *See Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011).

grounds," and "has not been raised properly" when "simply [ ] imbedded within an opposition memorandum" (citations omitted)).  We therefore affirm the dismissal of mCom's complaint with prejudice.

### B

mCom challenges the award of fees under § 285 and § 1927.  It principally argues that both of those determinations were improper because there is no sound determination of unusually clear weakness (or bad faith) of the infringement assertion (whether for invalidity or noninfringement reasons), mCom Opening Br. at 49, 53–56, 58–60; it was never established even that City National had a good licensure defense to infringement, much less that mCom knew or should have known so, *id.* at 49–52; and no evidence permitted a reasonable finding that mCom had sought nuisance-value settlements, *id.* at 56–58.  We agree, addressing first the § 285 award and then the § 1927 award, though there is overlap in the analysis.  We therefore reverse the fees determinations.

### 1

Section 285 permits a district court, in its discretion, to award fees to the prevailing party in an "exceptional" case. 35 U.S.C. § 285.  "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  We review a district court's decision for abuse of discretion, but "[t]he abuse-of-discretion standard does not preclude . . . correction of a district court's legal or factual error," and the district court "necessarily abuse[d] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Highmark*, 572 U.S. at 563 n.2 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).  We apply the

review standard to the "clear explanation of its reasons" required of the district court. *Munchkin, Inc. v. Luv n'Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Here, we conclude, the reasons for exceptionality articulated by or presented to the district court are either legally deficient or inadequately supported by the record.

a. The district court reasoned that mCom's case was unusually substantively weak because the asserted patent claims were invalid. *Fees Ruling*, at *1–2; *Report and Recommendation*, at *4. But mere invalidity is not legally sufficient to find a case exceptional. For a patent-infringement case to "stand[ ] out . . . with respect to the substantive strength of a [patentee's] litigating position" by reason of invalidity, there must be (as the language of § 285 indicates) unusually or extraordinarily weak patent claims. *See Octane Fitness*, 572 U.S. at 554; *SFA Systems, LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) ("[I]t is the 'substantive *strength* of the party's litigating position' that is relevant . . ., not the *correctness* . . . of that position." (quoting *Octane Fitness*, 572 U.S. at 554) (emphases in *SFA*)); *Munchkin*, 960 F.3d at 1378–80 (reversing fees award where district court "never adequately explain[ed] why [patentee's] validity position was unreasonable"); *compare Bayer CropScience*, 851 F.3d at 1306–07 (affirming fees award based in part on losing party's "objectively unreasonable" and "contorted" legal position).

Moreover, City National did not present a sound basis for deeming mCom's validity position to be exceptionally weak. City National made its fees argument on this issue in conclusory terms: It never explained why the asserted claims in this case—which enjoyed the statutory presumption of validity, 35 U.S.C. § 282, and which were not even challenged in the IPR—could not have been reasonably thought by mCom to have a scope materially different for obviousness purposes from the claims deemed unpatentable in the IPR, even taking that unpatentability as a

starting point.  *See* J.A. 549–52.  And because in district court a fact-dependent obviousness challenge faces a higher burden of persuasion than in an IPR, mCom could reasonably have believed that an invalidity analysis in district court could not simply take the IPR result for different claims as a starting point (based on issue preclusion) and address only patentable distinctness.  *See Kroy IP Holdings, LLC v. Groupon, Inc.*, 127 F.4th 1376, 1379–81 (Fed. Cir. 2025); *ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1360–62 (Fed. Cir. 2024).  Given the arguments that were available to mCom—even though not offered by mCom in challenging the invalidity ground for the dismissal of the complaint, *supra*, Section II.A—we see no warrant for a determination that this case was exceptionally weak or unreasonably maintained because of invalidity of the asserted claims.

b.  The district court also observed that mCom had filed a first complaint that was struck for a nonsubstantive reason (shotgun pleading, *i.e.*, insufficient separation of the claims of direct and indirect infringement) and a second complaint that was dismissed.  *Fees Ruling*, at *1–2; *Report and Recommendation*, at *4.  But this two-pronged reason does not go to the relevant question whether the case was exceptionally substantively weak or unreasonably litigated. The first aspect is purely formal; the second is nothing more than lack of merit, which, as indicated, is not legally sufficient for § 285 purposes.

We have already addressed invalidity.  As to noninfringement apart from invalidity, City National's fees motion does not even contend that mCom's infringement allegations were exceptionally weak in terms of whether the accused products came within the scope of the asserted patent claims.  J.A. 552–55.

c.  The district court cited "the licensee agreement with NCR" as a reason for the § 285 award.  *Report and Recommendation*, at *4; *see Fees Ruling*, at *1–2.  License and

release are affirmative defenses. Fed. R. Civ. P. 8(c)(1). We take the district court's rationale to be that mCom was required to investigate before filing suit whether City National held a license to the '508 patent through NCR or that, at some point during the litigation, mCom should have realized that, because of such a license, it was unreasonable to maintain the suit. Neither understanding is supported by the record.

City National conceded at oral argument on appeal that the district court never made a finding that there *was* a license (or release) covering the accused activities of City National. *See* Oral Arg. 33:50–34:40, https://www.cafc.uscourts.gov/oral-arguments/24-2089_04132026.mp3 (The Court: "Is there still an unadjudicated question whether [City National] was a customer subject to [settlement] language [creating licenses in NCR customers]?" City National: "Yes. . . . It is unadjudicated.") The existence of a license covering the accused activities is a necessary predicate to a determination that the license made bringing or maintaining the suit unreasonable. Furthermore, City National has not made any showing that if mCom had investigated the possibility of a license it would have discovered anything more than the mCom-NCR agreement, which does not reveal who are covered customers. The absence of findings that a license existed or could have been discovered by mCom with reasonable diligence means that City National's alleged licensure defense cannot support the § 285 award. *See Munchkin*, 960 F.3d at 1378–80.

d.    The district court made oblique references to mCom's "previous litigation." *Report and Recommendation*, at *2, *4; *see Fees Ruling*, at *1–2. City National urges us to construe those references as a finding, consistent with City National's arguments to the district court, that mCom brought other lawsuits for the impermissible purpose of extracting nuisance-value settlements (implicitly, unrelated to the merits) and that such activity should make the

present action exceptional.  City National Br. at 51–52; *see* J.A. 553–55.

But City National has identified no record support for the asserted premise about other mCom lawsuits.  The allegation City National made to the district court was that mCom had previously filed other suits that settled or were dismissed before summary judgment.  *See* J.A. 553–55. City National's motion did not furnish any information about the values of those alleged settlements, or even which such cases involved the '508 patent.  *See id.*; J.A. 577–79.  But the premise for any reliance on this kind of litigation activity is evidence establishing its character, which is missing here.

For the reasons discussed, we conclude that neither the district court's analysis nor the record developed and argument presented by City National can support the conclusion that this is an exceptional case.  In the circumstances here, we reverse the fees award under § 285.  A remand is not warranted in this case for additional costly proceedings to give City National a chance to develop and present new evidence or arguments.  *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]he determination of fees 'should not result in a second major litigation[, and t]he fee applicant . . . must, of course, . . . meet 'the burden of establishing entitlement to an award.'" (quoting *Hensley*, 461 U.S. at 437)).

2

Section 1927 provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be made personally liable for the resulting costs.  28 U.S.C. § 1927.  Under Eleventh Circuit law, the sanction of imposing liability for such costs requires that the attorney have engaged in "egregious" and "objectively reckless" conduct, that is, behavior "tantamount to bad faith" conduct. *Norelus*, 628 F.3d at 1282–83 (citation omitted).  For the sanction to be warranted, "the attorney must [have] *knowingly* or *recklessly* pursue[d] a frivolous claim or needlessly

obstruct[ed] the litigation of a non-frivolous claim." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) (emphasis in original); *see United States v. Shaygan*, 652 F.3d 1297, 1314 (11th Cir. 2011); *Bonfiglio v. Nugent*, 986 F.2d 1391, 1394 (11th Cir. 1993) (imposing § 1927 sanctions, among others, where "lawsuit was wholly without merit").

The district court made no express determination that mCom's case was frivolous. *See Fees Ruling*, at *1–3; *Report and Recommendation*, at *3–5. And there is no sufficient ground for such a determination here, for the reasons set forth above for why no proper determination of exceptional substantive weakness could have been made. With respect to invalidity, infringement, and licensure, it cannot be said that mCom's legal positions were frivolous or wholly without merit.

If the § 1927 sanction is to stand, then, it must be because Ms. Brieant's conduct "needlessly obstruct[ed]" the litigation of mCom's non-frivolous suit. *Amlong*, 500 F.3d at 1242. But the district court made no finding to that effect. *Fees Ruling*, at *2; *Report and Recommendation*, at *4–5. Instead, what the district court ruled was that Ms. Brieant was insufficiently diligent in investigating the case and the material produced during discovery, because had she done so she would have realized that the suit should have been dropped. *Fees Ruling*, at *2; *Report and Recommendation*, at *4–5. In the absence of a determination that the case was frivolous, that lack of diligence does not rise to the level of needless obstruction. Put differently, because there was no adequate reason to conclude that mCom should have dropped its suit before the court ruled on the dismissal, it was not unreasonable for Ms. Brieant to litigate the case to a ruling on the Rule 12(b)(6) motion. The district court found no other obstructive conduct related to this case, so we reverse the § 1927 sanction.

## III

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the district court's dismissal of mCom's complaint with prejudice and we reverse the § 285 fees award and § 1927 sanction.

The parties shall bear their own costs.

**AFFIRMED IN PART AND REVERSED IN PART**